Locke
 
 — Judge,
 

 delivered the opinion of the Court. — Xjt cannot be doubted, that if the oath be wholly foreign to the issue or altogether immaterial and by no means pertinent to the question, not tending to aggravate or extenuate the damages or fine, nor likely to induce the jury to give a rea_ dier credit or to lessen the credit to the substantial part oí ■the evidence, it cannot amount to the crime of perjury.. Hawkins in his Pleas of the Crown, 823, has put several instances to illustrate this position.
 
 “
 
 As where a. witness being asked by a Judge whether A brought a certain number of sheep from one town to another altogether ? Answer, ed that he did so ; whereas he had brought part at or.e time and part at another. Yet such witness was not guilty of perjury, because the substance of the question was, whether A did bring them at all or not, and the manner of bringing them was only a circumstance.” He cites many other instances and adds, “ But perhaps in all these cases, it ougii^
 
 *126
 
 question was pat in such manner, tíia¿ the witness might apprehend, that the sole design of putting it, was to he informed of the substantial part, which induced him through inadvertency to tafee no notice of the circumstantial part, and give a general answer to the substantial: for otherwise, if it appear plainly that the scope of the ques. tion was to sift him as to liis knowledge of the substance, by examining him strictly concerning the circumstances, which afterwards appear tp. he
 
 false;
 
 surely he cannot'but be guilty of perjury, inasmuch as nothing can be more apt to incline a jury to give credit to the subtantial part of a man’s evidence, than his proving to have an exact and particular knowledge of all the circumstances relating to it,
 

 If in the doctrine here laid down, the author be correct, if would seem that the oath taken by the defendant does a. mount to perjury. For the question was asked for the purpose of sifting the defendant’s knowledge of the siibstance, by examining him strictly as to circumstances,* and in such a manner as to inform the defendant of this purpose, and with a design to lessen the effect of his testimony on those parts of the case which were material and important: and although it related nothing to the merit of the cause then on trial, yet inasmuch as his-'giving such an answer in a thing immaterial, bad such a direct tendency to lessen his credit concerning what was most material.and consequently bene-iicial to the defence of the then defendant, equally criminal in its own nature and equally tending to abuse the administration of justice as if the matter sworn had been the very point in issue, there does not seem any good reason, why it should not be equally punishable. This case is precisely similar to the case of the
 
 State
 
 vs/
 
 Boty,
 
 determined some years ago in Salisbury Superior Court. One Harmon pre. ferred an indictment against Doty for Petit-Larceny ; to support which there was but one witness, named Patterson. To render Patterson infamous *and thereby disqualify him. giving testimony-, Doty preferred an indictment a;-
 
 *127
 
 gainst him for Larceny. Pending these prosecutions, ty offered Patterson a horse, saddle and bridle to abscond and not appear as a witness against
 
 him;
 
 which offer was rejected by Patterson. On the trial of the indictment, the State vs. Patterson, Doty was asked, if he had not made this offer to Patterson
 
 -,
 
 he answered positively that he had not. For this oath, Doty was indicted, tried, convicted and punished, although the same exception was taken and so-* lemrdy argued by counsel, which is taken in the present case. The question had no relation to the Larceny, but was asked with the express design of impairing the credit of Doty’s testimony on those parts of the case which were material and important. The Court believing the de.ch sion in Doty’s case to be correct, are of oprinion that judgment should be entered for the state,