STATE OF VERMONT v. JAMES B. S. CHANDLER.

*Criminal Law. Indictment. Pleadings. Perjury.*

A person may be guilty, technically, of the crime of perjury in knowingly and wilfully swearing to a false affidavit, made in support and aid of a petition for a new trial.

It must affirmatively appear in an indictment for perjury that the testimony alleged to be untrue and false is material; and unless this is apparent from the evidence as set forth, it must be alleged. The indictment in this case held insufficient on this ground.

INDICTMENT for perjury. To the indictment the respondent demurred, and the court at the March term, 1869, PROUT, J., presiding, *pro forma*, overruled demurrer, to which decision the respondent excepted.

The indictment set out the facts as to the trial of the cause referred to in the affidavit of the respondent, and that the defendant therein petitioned the supreme court for a new trial, in which petition it was alleged, and the indictment proceeded, as follows :

" That while said action was on trial before said county court, said court adjourned from Saturday, the 14th day of March, to Monday the 16th day of March, (meaning March, A. D. 1868,) and after said adjournment, Henry Powers took Charles H. Woodbury, of Concord, one of the jurymen, who belonged to the panel who were sitting in the trial of said cause, with a carriage with him and carried him to the house of him the said Henry Powers,

and he, the said Powers, entertained him, the said Woodbury, there, and kept him over night till after breakfast on Sunday morning, and in the course of the evening of said Saturday, said Henry Powers talked with the said Woodbury about the disputed line between two lots of land, the true location of which was the matter in controversy on said trial, praying therein that the verdict aforesaid might be set aside, and that a new trial be ordered on account of such improper conduct of said Henry Powers and the said juror; and then and there it became and was a material question upon said petition for a new trial of the said action, preferred by Asa Smith and Benjamin Silsby, against the said Henry and Daniel Powers as aforesaid, whether or not the said Henry Powers and the said Daniel Powers, or either of them, during the trial of said action, took either or any of the jurymen, who belonged to the panel sitting in the trial of said action, into a carriage, or carried any of said jurymen to the house of the said Henry Powers, or to the house of the said Daniel Powers; and whether or not the said Henry and Daniel Powers, or either of them, talked with any of said jurymen during the trial of said action about the matters in dispute involved in said action. And the grand jurors aforesaid, upon their oath aforesaid, do further present, that James B. S. Chandler, of Lunenburg aforesaid, in the county aforesaid, being an evil disposed person, and wickedly contriving and intending to aggrieve, injure and prejudice the said Henry and Daniel Powers in the action aforesaid, and in the aforesaid petition preferred by the said Asa Smith and Benjamin Silsby, for a new trial on said action, as aforesaid, on the 22d day of July, A. D. 1868, at Lunenburg aforesaid, in the county aforesaid, came in his proper person before William Chandler then and there being a justice of the peace, etc., * * * * * and being so sworn as aforesaid, devising and wickedly intending to aggrieve, injure and prejudice the said Henry and Daniel Powers, then and there before the said William Chandler, upon his oath aforesaid, falsely, maliciously, wilfully and corruptly did depose, swear, and make affidavit, in writing, (amongst other things,) in substance and to the effect following, to wit: ' I, James B. S. Chandler, of Lunenburg, in the county of Essex, and State of Vermont, depose and say, that I attended the last March term of the county court, of said county of Essex, and was a witness in the action of ejectment there tried, in which Henry and Daniel Powers, of said Lunenburg, were plaintiffs, and Asa Smith and Benjamin Silsby were defendants; the trial was commenced the first week of the term, and was not finished till the second week. After the court adjourned on Saturday of the first week, I was at

Guildhall, and I saw said Henry Powers and Mr. Woodbury, one of the jurors from Concord, start off together in the same carriage towards Lunenburg, and at the same time I saw said Daniel Powers and Mr. Woodward, another of the jurors in said case, of said Concord, start off together in the same carriage towards said Lunenburg, and I also know that after the trial was through, on Wednesday of the second week of the term, I saw said Henry Powers and Daniel Powers, on their way home together, after said jurymen had left, and said two jurors were not with them,' as by the same affidavit annexed to the aforesaid petition for a new trial of said action and on file in the supreme court for said county of Essex more fully appears; whereas, in truth and in fact the said Henry Powers and the said Woodbury, one of the jurors aforesaid, did not start off together in the same carriage towards said Lunenburg, or ride in or be in the same carriage together on the Saturday aforesaid, or at any other time during said trial, nor did the said Daniel Powers and said Woodward, another of the jurors in said case, start off together in the same carriage towards said Lunenburg, or ride in or be in the same carriage together on the Saturday aforesaid, or at any other time during said trial."

*Henry Heywood*, for the respondent.

*Ray & Ladd*, for the State.

The opinion of the court was delivered by

PROUT, J.   We have no doubt but that a party may be guilty, technically, of the crime of perjury in knowingly and wilfully swearing to a false affidavit, made in support and aid of a petition for a new trial. The proceeding is authorized by law and is judicial; and the practice in respect to the use of affidavits is provided for by a rule of the court.   In the present case the affidavit of the respondent was served and filed with the petition, and if material to the issue involved in that cause, was entitled to be used on the hearing.   Under such circumstances it would be indeed singular if there was no accountability in respect to it.   But the present indictment having been demurred to, the question is as to its sufficiency.   It alleges that the affidavit upon which the perjury is assigned was given by the respondent with the intent to aggrieve, injure and prejudice the said Powers in respect to their action pending

in the supreme court against Silsby and Smith as well as in respect to the petition of the latter for a new trial in that cause. This is not an allegation that the affidavit was given and made by the respondent in aid or support of the petition for a new trial, or given in contemplation of its being preferred, which we think is matter of substance and should be alleged in the indictment. Otherwise the affidavit is extra judicial. Again, the affidavit as set forth in the indictment does not meet what is alleged therein to be material; but, on the other hand, what is really sworn to by the respondent in his affidavit is not alleged to be material at all. The rule in this respect, and as to matter of averment in the indictment, is this: that it must appear, and affirmatively, that the testimony alleged to be untrue and false is material; and unless this is apparent from the evidence as set forth, it must be alleged. Now what was sworn to by the respondent is, that he saw Powers and Woodbury the juror start off together in the same carriage towards Lunenburg, and so in respect to another juror, which if untrue is not necessarily material to the issue in that cause. At all events it is not alleged to be. Then again if such was the fact, it may have been in a public conveyance for an innocent and necessary purpose. We think the indictment insufficient.

The judgment of the county court is reversed and the indictment quashed.