DAVID LEWIS *v.* DANIEL McNATT and another.

The crude turpentine which has formed on the body of the tree, and is called "scrape," is personal property, and belongs to the lessee of the trees, who has the right of ingress and egress to take it away after his lease has expired, provided that he does so in a reasonable time, which must be before the sap begins to flow in the subsequent Spring of the year.

Where an action of trespass *vi et armis* was commenced before the adoption of the C. C. P., and tried since that time upon the plea of the general issue, it was held that the defendant, not having availed himself of the right of objecting to the non-joinder of a plaintiff by demurrer or plea under the 95th and 98th sections of the C. C. P,, cannot do so under the plea of the general issue.

The cases of the *State* v. *Moore*, 11 Ire. 70, and *Brittain* v. *McKay*, 1 Ire. 265, cited and approved.

This was an action of trespass, *vi et armis*, commenced in the year 1860, and tried before his Honor, *Judge Russell*, at the Spring Term, 1870, of the Superior Court of BLADEN County, upon the issue joined on the plea of not guilty.

The plaintiff declared for the loss of certain turpentine, some in barrels and some on the trees, and for an injury to his slaves, caused by the defendant in going upon a tract of land which the plaintiff held under a lease, and driving off his slaves and seizing the turpentine. The testimony dis-

closed the fact that the plaintiff was engaged in making turpentine with another person, and that they were partners, that the turpentine which had been lost was the property of the partnership, and that the slaves alleged to have been injured were the property of the plaintiff alone, and the injury to them was his individual loss, and not that of the partnership. The defendant contended that the plaintiff could not recover because of the non-joinder, but the Court held that the defendant could not take advantage of the non-joinder under the general issue, and that the plaintiff could recover his proportional share of the loss, and to this ruling the defendant excepted.

The defendant also contended that the plaintiff could not recover both for the injury to his slaves, and for the damage sustained as a partner for the loss of the turpentine, but the Court held otherwise and the defendant again excepted.

There was evidence that a large part of the turpentine consisted of what is called "scrape," being that portion which does not run into the box but remains on the face of the tree, and which is removed after it has formed in sufficient quantity, by scraping it from the tree. It was proved that the lease under which the plaintiff held, had expired before the trespass was committed, and the defendant contended that the plaintiff could not recover for the scrape turpentine remaining on the trees.

His Honor charged the jury that if the plaintiff had cultivated the trees and manufactured the scrape it was his property, and was not a part of the tree going with the realty, and that the plaintiff had a right to remove it, although his lease might have expired, and if the defendant drove away his slaves and prevented them from removing it the plaintiff could recover for the loss of it.

There was a verdict and judgment for the plaintiff and the defendant appealed.

*W. McL. McKay,* for the defendants.
*Bragg & Strong,* for the plaintiff.

DICK, J.　Crude turpentine which has formed on the body of the tree, and is usually known as " scrape," is personal property, and belongs to the person who has lawfully produced it by cultivation.　*State* v. *Moore,* 11 Ire. 70.　It is an annual product of labor and industry, and although it adheres to the body of the tree it is not a part of the realty. The turpentine crop may be properly classed with *fructus. industriales,* for it is not the spontaneous product of the trees, but requires annual labor and cultivation.　Upon a similar principle, hops which spring from old roots have long been regarded as emblements.

A lessee of turpentine trees, even after the expiration of his lease, has the right of " entry, egress and regress" to remove the " away going crops" which he has produced by his labor, provided he does so within reasonable time.　He has a right to the occupation of the premises for that purpose, and if this right is refused by the owner of the land, the lessee is entitled to recover the value of the property detained.　*Brittain* v. *McKay,* 1 Ire. 265.

The scrape must be removed before the sap begins to flow in the subsequent spring, for then the new turpentine mingles with the old " scrape" which cannot be taken away without interfering with the rights of the owner of the trees.

In this case, it appeared, that the lease of the plaintiff had terminated, but there was no evidence as to the time when he entered for the purpose of removing the scrape.

The charge of his Honor was, therefore, too general in its. terms, as the plaintiff had no right of entry after the new turpentine had begun to flow, and for this error there must be a *venire de novo.*

The question of pleading raised on the trial by the defendant's counsel is attended with some difficulty on account of the change in our system of procedure. At common law in actions in form *ex delicto*, and which are not for the breach of a contract, if a party who ought to join, be omitted, the objection can only be taken by a plea in abatement, or by way of apportionment of damages on the trial; and the defendant cannot, as in actions in form *ex contractu*, give in evidence the non-joinder as a ground of non-suit on the plea of the general issue. 1 Chitty, P. 76.

Under the C. C. P., sec. 8, par. 1, all civil actions pending in the Courts when the present Constitution was approved by Congress, and which were not founded on contract, are to be governed by the C. C. P., "as far as may be according to the state of the progress of the action, and having regard to its subject and not to its form." A different provision is made as to actions founded upon contracts made previous to the C. C. P. *Merwin* v. *Ballard*, at this term.

The C. C. P., sec. 62, provides that the parties who are united in interest must be joined as plaintiffs or defendants, &c. If a necessary party to an action be omitted, and the defect appears upon the face of the complaint, the non-joinder must be taken advantage of by demurrer. C. C. P., sec. 95. If it does not appear upon the face of the complaint the objection may be taken by answer. C. C. P., sec. 98. "If no such objection be taken, either by demurrer or answer, the defendant shall be deemed to have waived the same." C. C. P., sec. 99. It does not appear from the transcript at what term of the Court the issues were joined in this case, and the defendant might have put in a plea in abatement at any time before pleading in bar of the action. If the issues were not joined when the case was transferred to the Superior Court, he would have been entitled to have objected to the non-joinder of a necessary party by answer, as the defect does not appear in the pleadings. As the defendant

went to trial without taking any such objection, the charge of his Honor must be sustained.

*Venire de novo* awarded. Let this be certified.

PER CURIAM. *Venire de novo.*