## STATE *v.* HARVEY DAVIS.

In a criminal action for perjury, it should appear on the face of the indictment that the oath taken was material to the question depending, not by setting forth the circumstances which render it so in discribing the proceedings of a former trial, but by a general allegation that the particular question became material. *State* v. *Mumford*, 1 Dev. 519, approved.

The mis-description (if any) in describing the Court in which the false oath is alleged to have been taken as "before Joseph Z. Pratt, a Justice of the Peace, in, and for said county," instead of, as "a Court of a Justice of the Peace for township A, of Chowan county," is not a substantial variance from the true description, and is cured by Act of 1811, Rev. Code sec. 14, chap. 35. It would also be cured by sections 15 and 16, of chapter 35, of Rev. Code.

The jurisdiction of the Justice of the Peace of the complaint upon the examination whereof the alleged perjury was committed, is sufficiently averred where it is averred, as it is in this case, that the Justice had power to administer the oath.

MOTION to quash indictment for perjury, heard before *Watts, J.,* at Spring Term, 1873, of CHOWAN Superior Court.

The grounds upon which the defendant based his motion to quash are stated in the opinion of the Court. His Honor allowed the motion, and gave judgment that the indictment be quashed, and that the defendant go without day.

From this judgment, Willis Bagley, Esq., Solicitor for the State, appealed to this Court.

*Hargrove, Attorney General,* for the State, cited to sustain the sufficiency of the indictment. *State* v. *Mumford,* 1 Dev. 519. And 3 Archbold, 392.

*John Moore,* for defendant.

RODMAN, J. The counsel for the prisoner excepts to the sufficiency of the indictment in two particulars.

1. That it does not show how the alleged false testimony before the Justice was material upon the examination before him.

2. That the Court of the Justice is not described by its proper legal title.

1. In *State* v. *Mumford,* 1 Dev. 519, TAYLOR, C. J., says: "It is laid down as a rule which I find no where controverted, that it should appear on the face of the indictment, that the oath taken was material to the question depending, not by setting forth the circumstances which render it so in describing the proceedings of a former trial, but by a general allegation that the particular question became material." That general allegation is found in the present indictment, and is sufficient for the purpose.

2. The prisoner's counsel contends that under the Constitution (art. 4, sec. 4,) the proper and legal title of a Justice's Court is, " A Court of a Justice of the Peace for township A in Chowan county." In support of the conclusion that the indictment is defective by reason of such insufficient description of the Court, before which the perjury is alleged to have been committed, the counsel cites the case of *State* v. *Street*, 1 Mur. 156, decided in July, 1807. In that case the indictment charged, "that at a *certain Superior Court* begun and holden for the district of Hillsborough, &c., "before the Honorable Francis Locke, Esq., *Judge of said Court,"* the prisoner falsely swore, &c.

After conviction of the prisoner this Court arrested the judgment because the Court in which the perjury was alleged, was described as above, whereas it should have been described as a "*Superior Court of Law.*" We will not undertake to say that the decision in that case was not in con-

formity with the law at that date.   The Act now forming sec. 14, of ch. 35 of the Rev. Code, was then confined (by its express terms at least) to indictments in the county courts. (1784, ch. 110).   This Act was re-enacted in general terms, and was applicable to all Courts in 1811.   Whether the variance from the legal title of the Superior Court of law was or was not a formality and refinement which would have been cured by the Act of 1811, it is needless to inquire.   So it is unnecessary to inquire whether the description in the present indictment of the Court in which the false oath is alleged to have been taken as before Joseph Z. Pratt, a Justice of the Peace in and for said county," is strictly correct, or whether it should have been described as the counsel for the prisoner contends as a "a Court of a Justice of the Peace for Township A, in Chowan county."

In our opinion the misdescription (if any) is not a substantial variance from the true description, and is cured by the Act of 1811, before referred to, which enacts that every indictment shall be "sufficient in form for all intents and purposes, if it express the charge against the defendant in a plain, intelligible and explicit manner, and the same shall not be quashed, nor the judgment thereon stayed, by reason of any informality or refinement, if in the bill or proceeding, sufficient matter appears to enable the Court to proceed to judgment."   We think also it would be cured by sections 15 and 16, of chap. 35, Rev. Code, which it is unnecessary to quote at length.

It was also argued in this Court that the indictment was defective, in that it did not sufficiently aver that the Justice had jurisdiction of the complaint upon the examination whereof the alleged perjury was committed.   A Justice has a general jurisdiction to hear complaints of all crimes committed in his county.   What he shall do with the accused, whether in case he finds the complaint to be true, he shall commit him or bind him over to appear at the Superior

Court, or shall finally determine the accusation, and acquit or convict the accused, depends on the existence of conditions prescribed by the Act of 1868–'69, chap. 178. But the absence of those conditions, though it limits his power to deal with the case, does not exclude his jurisdiction to hear it. In the present case the jurisdiction is sufficiently averred, when it is averred that the Justice has power to administer the oath.

Judgment below reversed, and case remanded for further proceedings.

PER CURIAM.　　　　　　　　　Judgment reversed.