### STATE v. BENJAMIN BROWN.

*Indictment—Perjury.*

1. An indictment against a defendant for perjury assigned in an oath taken by him in a bastardy proceeding entitled, " The State on relation of M v. B," which refers to the same as constituted " between the State and the said B " and as it appeared on the minute docket, sufficiently sets out the substance of the record and identifies the case.

2. In such case, where it appeared that the defendant swore he was not the father of the child and had not had sexual intercourse with its mother; whereas the mother swore that he was the father, and other witnesses proved the defendant's confessions that such intercourse had taken place about five months before the birth of the child; *It was held,* that the false evidence was material, and warranted a verdict of guilty.

(*State* v. *Molier,* 1 Dev. 263, cited and approved.)

INDICTMENT for Perjury tried at February Term, 1878, of New Hanover Criminal Court, before *Meares, J.*

The defendant was charged with being the father of a bastard child begotten on one Maria Williams, and upon the trial of the issue in the Superior Court of New Hanover, is alleged to have committed the perjury imputed to him in the indictment. Introduced as a witness on his own behalf, he there swore that he was not the father of her child and had never had any sexual intercourse with the mother.

On the trial of the indictment and to prove the falsehood of his oath, the mother testified that the defendant was the father of the child, and several other witnesses proved his confessions that criminal intercourse had taken place between them in February, about five months preceding its birth.

The exceptions taken by the defendant (and which are stated in the opinion) were overruled by His Honor. Verdict of guilty. Judgment. Appeal by the defendant.

*Attorney General,* for the State.

No counsel in this Court for the defendant.

SMITH, C. J. (After stating the case as above.) Two exceptions which we propose to notice were taken by the defendant:—

The transcript of the record of proceedings in the bastardy case does not correspond with the description in the indictment, and is insufficient to sustain its allegations: The indictment refers to the case as constituted "between the State and the said Benjamin Brown," and it is so designated on the minute docket of the Court, while it is insisted the proper title of the cause is "the State upon the relation of Maria Williams v. Benjamin Brown." We do not feel the force of the objection. The substance of the record is properly set out and the case referred to as it appears on the docket, so as to admit of no doubt of its identity.

The second objection is that the false oath was not on a matter material to the issue, to wit, the paternity of the child, inasmuch as the sexual intercourse according to the course of nature must have been more than five months prior to the birth of the child, to charge the defendant with being its father.

Perjury is defined to be " the taking of a wilful false oath by one who being lawfully sworn by a competent Court to depose the truth in any judicial proceeding, swears absolutely and falsely in a matter material to the point in question, whether he be believed or not." Hawkins, ch. 69, § 1 ; 2 Whar. Cr. Law, § 2198.

The false testimony must relate to matter material to the inquiry, and the falsity must be shown by the testimony of more than a single witness. The additional evidence need not come from another witness who also knows the fact, but may be of strongly corroborating circumstances and the admissions of the defendant. *United States* v. *Wood,* 14 Peters 440 ; *Rex* v. *Mayhen,* 6 C, & P. 315.

In the present case we have the positive testimony of the mother contradicting the oath of the defendant as to the

paternity of the child, and we have the supporting confes-
sions made by him to different persons of his criminal inti-
macy with her, some months before the child was born.
This strongly corroborates the mother, for while she proves
a *longer intimacy*, sufficient according to the course of nature
for him to be the father, he admits it to have existed at a
*later period*, and the jury might reasonably infer from this
admission its commencement at an earlier period. There
is then this corroborating evidence to turn the scale and
warrant the verdict.

But suppose the false testimony to relate not to the issue
of paternity but to the criminal intimacy proved by the
mother, denied on the bastardy trial by the defendant, but
confessed to the witnesses,—is this a material matter within
the rule? " Perjury may be committed," says Mr. Wharton,
" in swearing falsely to a collateral matter with intent to
prop the testimony on some other point;" 2 Whar. Cr. L.
§ 2229, " or in impeaching or sustaining the credit of another
witness;" *Ibid*, 2230; and so held in this State, in *Molier's
Case*, 1 Dev. 263.

" The matter testified to must have been directly pertinent
to the issue or point in question, or tending to increase or
diminish the damages or *to induce the jury* or *Judge to give
readier credit* to the substantial part of the evidence. But
the degree of materiality is of no importance; for if it tends
to prove the matter in hand, it is enough though it be but
circumstantial." 3 Greenl. Ev. § 195.

The rule is thus laid down by Mr. Bishop: " If any mate-
rial circumstance be proved by other witnesses in confirma-
tion of the witness who gives the direct testimony, it may
turn the scale and warrant a conviction." 2 Bishop's Cr.
Proceed. § 871.

In *Rex* v. *Goddard*, 2 F. & F. 361, it is said that on an
assignment of perjury by a defendant in a bastardy case, in
that, he had never kissed the prosecutrix, the question of

materiality was held by WIGHTMAN, J. to be for the jury. 2 Whar. Cr. L. § 2229, note S.

"If a witness swears," says LORD DENMAN, C. J. in *Regina* v. *Schlesinger*, 59 E. C. L. R. 674, "that he *thinks* that a certain fact took place, it may be difficult indeed to show that he committed wilful perjury, but it is certainly possible, and the *averment is properly* a subject of perjury as any other."

But a case still more in point is cited by Mr. Roscoe and thus stated by him : Upon an application for an affiliation order against H, the applicant who had been delivered in March, on cross examination whether she had not had connexion with G in the previous September, she denied that she had. G having been afterwards called to contradict her, swore falsely that he had had connexion with her in the month named; *Held,* on an indictment against G for perjury that his conviction was right. For though the evidence was strictly speaking, inadmissible, yet the evidence having been admitted, it had reference to the inquiry and was calculated to mislead. Ros. Cr. Ev. 759. We have not access to the report in which the case is contained and refer to it as stated in this valuable work.

The defendant swore that he had never at any time had sexual intercourse with the woman, and consequently that he was not and could not be the father of the child. It is proved by his own confessions that such intercourse did subsist between them during pregnancy. Had this evidence come out on that trial, would it not have greatly impaired the credit of the defendant, and in a corresponding degree imparted strength to the testimony of the mother in determining the very fact at issue ? Would it not have authorized deductions as to the very fact in controversy, since it would have established such intercourse at a period near to that at which the child was begotten ?

We are of opinion that the false evidence was material within the meaning of the rule and authorized the verdict

of the jury. We have not had the benefit of an argument for the defendant, and have consequently given the record a careful examination; but we are unable to find any just ground of complaint. There is no error. This will be certified to the end that judgment be pronounced on the verdict.

No error.                                    Affirmed.