## STATE v. JAMES N. COLLINS.

*Proceeding in Bastardy—Perjury—Variance.*

1. It is not proper to join the mother of a bastard child with the state in a proceeding to fix the paternity upon the putative father.

2. Where the putative father is indicted for false swearing on his own behalf in such proceeding, under a bill which describes the cause as constituted between "the state as plaintiff and the said J. C. as defendant," and the record of the cause, put in evidence by the solicitor, shows that the mother of the child was joined with the state as a party, there is no material variance.

(*State* v. *Brown*, 79 N. C., 642; *State* v. *Davis*, 69 N. C., 495; *State* v. *Pate*, Busb., 244; *State* v. *Beatty*, 66 N. C., 648, cited and approved.)

INDICTMENT for perjury tried at Fall Term, 1880, of NASH Superior Court, before *Gudger, J.*

Verdict of guilty, judgment, appeal by defendant.

*Attorney General,* for the State.
No counsel for defendant.

SMITH, C. J. The defendant is charged with perjury committed upon his examination as a witness on his own behalf on the trial of an issue of bastardy in a cause described in the bill as constituted between "*the state as plaintiff and the said James N. Collins as defendant,*" in the superior court of Nash. The defendant's counsel moved to quash the bill, upon what ground does not appear, and the motion being denied, a plea of not guilty was put in.

On the trial before the jury, the solicitor introduced the record of the proceeding in which the false oath is alleged to have been taken, which is there entitled, " the state and Cornelia Burnett v. James N. Collins."

In the course of the argument, his counsel urged as proof of the defendant's innocence, that he had not fled from justice—there having been no evidence offered on the point. In the charge, the court calling the attention of the jury to this part of the argument, told them " that they had nothing to do with the question whether the defendant had fled or not, but the question for them to consider was whether upon the proofs, the defendant was or was not guilty." The court was asked and refused to instruct the jury that the record produced did not sustain the charge in the bill in describing the cause wherein the imputed offence was perpetrated, and for this variance they should acquit the defendant.

These are the exceptions brought up for review:

1. The denial of the motion to quash: We have not had the aid of counsel for the appellant to suggest objections to the form of the indictment, nor are any defects pointed out in the record, upon which the preliminary motion is based. We have consequently given it a careful examination, and our scrutiny of its provisions has failed to detect any fatal defect. The bill is full and explicit in making all the necessary averments to constitute the offence charged, and fully

meets the requirements of the statute in this behalf. Bat Rev., ch. 33, § 62.

2. The court was entirely correct in directing the jury to discard what was urged in argument upon the assumed existence of an unproved fact, and to confine their attention to an inquiry as the defendant's guilt upon the evidence adduced and before them.

3. The variance between the allegation and proof: His Honor did not err in holding the discrepancy immaterial and the exception untenable. The proceeding referred to in the bill is designated according to its legal import, and the cause is prosecuted only by the state. The sole aim of the proceeding in bastardy is to ascertain the paternity of the child, and impose upon the father the burden of its support, such as he would incur even if his lawful instead of illegitimate offspring, and to indemnify the county against the expense of its maintenance. The mother is no proper party to the action, and her name in association with the state does not change the essential nature of the proceeding. Bat. Rev., ch. 9, § 1, 3; *State* v. *Pate*, Busb., 244; *State* v. *Beatty*, 66 N. C., 648. But the cases cited by the Attorney General are so entirely in point, and decisive, as to render further discussion useless,—*State* v. *Brown*, 79 N. C., 642; *State* v. *Davis*, 69 N. C., 495.

There is no error. Let this be certified that the court below may proceed to judgment.

No error. Affirmed.