THE STATE v. T. J. ROBERSON.

*Perjury—Indictment.*

Where an indictment for perjury alleged that the false oath was taken before a justice of the peace upon the trial of a warrant against a person charged with the slander of an innocent woman, and that such justice had sufficient and competent authority to administer the oath : *Held,* (1) that the further averment in the bill that "issue was joined" on said warrant, and the cause was tried upon such issue, did not vitiate it; and (2) that in indictments for perjury it is not necessary to set forth the proceedings in which the false oath was alleged to be made.

(*State* v. *Gallimon,* 2 Ired., 372; *State* v. *Hoyle,* 6 Ired., 1, and *State* v. *Davis,* 69 N. C., 495, cited).

This was an INDICTMENT for perjury, tried before *Boykin, Judge,* at Spring Term, 1887, of WILKES county.

The indictment charged that the perjury was committed upon a trial, before a justice of the peace, of one Moore, "for the slander of Cornelia Moore, an innocent woman," and contained, with the other usual and necessary averments, the following: "Which warrant then came on to be heard, and issue was joined between the State and the defendant, * * * upon which said trial and issue joined;" and then charged that the present defendant appeared, was duly sworn, and made the false oath.

The defendant was convicted, and moved in arrest of judgment upon the following grounds:

"1. The indictment charges that an issue came on to be tried between the State and Osborne Moore, when the justice had no jurisdiction of said case.

"2. That the bill does not charge any offence known to the common law of North Carolina."

The motion was refused, judgment pronounced, and the defendant appealed.

*The Attorney General* and *Mr. E. C. Smith*, for the State.
*Mr. C. H. Armfield*, for the defendant.

MERRIMON, J. In support of the motion in arrest of judgment in this case, it is insisted that it appears from the face of the indictment that the justice of the peace, before whom the false oath is charged to have been taken, had not jurisdiction, in any aspect of it, of the matter before him in which such oath is charged to have been taken, and that no such issue as that charged could have arisen or been joined.

We think this objection cannot be sustained. The statute (*The Code*, §1185,) provides that it shall be sufficient, in indictments for perjury, to set forth the substance of the offence charged, by what Court and before whom the false oath was taken, and that the Court had competent authority to administer the oath, with proper charges to falsify the matter wherein the perjury is assigned, without setting forth the proceeding, or the proceedings in the action in which such oath was taken—the purpose being to render unnecessary useless details and niceties, in charging the offence of perjury, that at one time prevailed to the prejudice of the administration of criminal justice.

The indictment charges that the false oath was taken before a justice of the peace by the defendant in a matter mentioned, wherein there was an issue joined, pending before him, and that he had "sufficient and competent authority to administer the oath," &c. This implies, under the statute cited, that an action, proceeding or matter named was pending before the justice of the peace, and that the defendant took therein a false oath, as charged. This is sufficient. The Court takes notice that the justice of the peace had jurisdiction, for some purpose, of all crimes and misdemeanors in his county, as well as of certain classes of civil actions and matters wherein witnesses might be examined, and, therefore, he might, just as any other Court could do,

administer an oath to a witness in an action or matter of which he had appropriate jurisdiction. *State* v. *Gallimon,* 2 Ired., 372; *State* v. *Hoyle,* 6 Ired., 1; *State* v. *Davis,* 69 N. C., 495.

On the trial the State was bound to produce competent evidence to prove that such a proceeding was pending before the justice of the peace as that charged, of which he had jurisdiction, wherein the defendant perpetrated the perjury charged. The simple reference to the proceeding is sufficient to identify it, and such identification is sufficient for all practical purposes. The statute so contemplates.

There is no error and the judgment must be affirmed.

Affirmed.