STATE v. CALVIN J. GREEN.

*Variance; what is, and how determined—Justices' Courts not Courts of Record—Evidence; oral of proceedings before Magistrate—Fructus Industriales; parol exception of—Perjury; form of indictment for.*

1. What is a variance, is a question of law, and, the facts being admitted or proven, must be determined by the Court. But, if the determination of the question depends upon an issue of fact, it must be passed upon by the jury, with instructions from the Court, as to the law.

2. Where defendant is charged with perjury, in falsely swearing in an action entitled A *v.* B, tried before a Magistrate, and it is shown by the summons that the action was against B and C; *Held,* that upon oral proof that C was *nol prossed* and released, before the case was tried, it was proper to instruct the jury that there was no variance.

3. The Court of a Justice of the Peace is not a Court of record, and the rules of evidence, established for the proof and authentication of the proceedings of Courts of record, do not apply to such Courts.

4. Growing crops, being *fructus industriales*, are presumed to pass with the title to land on which they are growing, but they may be excepted or reserved by parol when the land is sold, and oral evidence is admissible to prove such exception or reservation.

5. An indictment for perjury charged, "the said B, Justice of the Peace as aforesaid, having then and there competent authority and power to administer the said oath to the said C. G," and it was admitted that the Justice had jurisdiction of the action in the trial of which the alleged perjury was committed; *Held,* that a motion in arrest of judgment, for that the indictment failed to allege that the oath was taken before a Court of competent jurisdiction, was properly overruled.

This was an indictment for PERJURY, tried before *Shepherd, J.,* at the October Term, 1887, of the Superior Court of DURHAM.

The perjury alleged to have been committed, was upon

the trial of an issue joined in a civil action, tried before G. A. Barbee, a Justice of the Peace for the County of Durham, in which the defendant was plaintiff and A. M. Rigsbee was defendant.

The following is the case on appeal sent to this Court:

"The only record evidence introduced as to the action before the Justice of the Peace was the summons, from which it appeared that the defendant brought a suit against A. M. Rigsbee and John H. Shipp.

The suit was for the recovery of the value of a crop of oats and other crops, of the value of fifty dollars, raised in 1887, on land owned by the defendant Green. This land had been conveyed in trust to J. A. Long, to secure a certain indebtedness, and was duly sold under said trust by said Long, on the 14th day of May, 1887, C. A. W. Barham acting as agent and auctioneer of said Long, A. M. Rigsbee being the purchaser.

The Justice of the Peace testified, that when the case was called, the plaintiff released Shipp, and that the case was *nol prossed* or dismissed as to him.

The witness did not remember whether he made such an order before or after the trial.

A. M. Rigsbee testified, that such an order was made by the Justice before the trial was entered upon between defendant and himself. The defendant testified that the trial was between himself and Rigsbee. There was no evidence that such an order was entered in writing before the trial commenced.

It was in evidence that defendant testified that, at said sale, Long, trustee, and Barham, auctioneer, announced as a part of the terms of the same, that the crops (including the oats) of 1887, thus growing on said lands, were reserved and should not pass to the purchaser with said land, but that they were reserved to the defendant C. J. Green, and should remain his property.

There was also evidence tending to show that said testimony was wilfully and corruptly false.

There was no objection to the admission of the parol evidence as to what occurred on the trial before the Justice.

The defendant asked the Court to charge, that there was a variance, because the summons showed that the suit was against two defendants, to-wit: Rigsbee and Shipp.

The Court charged the jury that if, before the trial commenced, the Justice made an order, by plaintiff's consent, *nol prossing* the defendant Shipp and discharging him from all liability, then there would be no variance; but if no such order was made before the trial, there would be a variance, and the defendant should be acquitted. The Court also charged, that it was not necessary that the Justice should have at once reduced the order to writing; that if he announced it as his order, it would be sufficient for the purposes of this trial. The defendant excepted.

The defendant also asked the Court to charge that, as the trustee Long executed a deed without reservation to the said Rigsbee, it could not be shown by parol that the crops were excepted, and that such exception would be of no avail; that the alleged facts testified to by the defendant were, therefore, immaterial and the defendant should be acquitted.

The Court declined to so instruct the jury, and the defendant excepted.

There was a verdict against the defendant, who moved for a new trial on the exceptions taken. The motion was overruled, and the defendant moved in arrest of judgment, for that the indictment did not allege that the oath was taken before a Court of competent jurisdiction.

Motion overruled. Defendant excepted." Judgment and appeal.

*The Attorney General*, for the State.
*Messrs. J. Manning* and *E. C. Smith*, for the defendant.

DAVIS, J., (after stating the facts). 1. The first ground of exception was to the refusal of the Court to charge that there was a variance between the indictment and the proof.

What amounts to a variance is a question of law, and the facts being admitted or proven, must be determined by the Court. The cases of State v. Raiford, 2 Dev., 214, and State v. Isham, 3 Hawks, 185, cited by counsel for the defendant, were issues joined on pleas of nul tiel record, and were properly tried by the Court, and not by the jury; but if the determination of the question depends upon an issue of fact, it must be passed upon by the jury, with instructions from the Court as to the law, as was done by the Court in this case and this is not in conflict with State v. Harvell, 4 Jones, 55. There was, in fact, no variance, as upon the finding of the jury, under instructions from the Court, the action before the Magistrate in which the perjury is alleged to have been committed was dismissed as to Shipp, and the cause was at issue only between Rigsbee and the defendant. State v. Collins, 85 N. C., 511.

But as the summons was issued against two, it was insisted that parol evidence was not competent to show that the action was dismissed as to one. This is a misapprehension. The Court of a Justice of the Peace is not a Court of record, and the rules of evidence established for the proof and authentication of the proceedings of Courts of record do not apply to such Courts. Reeves v. Davis, 80 N. C., 209.

2. The second exception is, that the alleged fact testified to was immaterial, because it could be of no avail, as the deed passed the crop with the land, and the parol reservation was of no effect. This, also, is a misapprehension. Growing crops may be excepted or reserved by parol in the sale of land, and when so reserved do not pass by the deed conveying the land. "The reason is," as was said by BYNUM, J., in Bond v. Coke, 71 N. C., 97, illustrating the distinction between those chattels which become merged in the land,

and those which, though annexed to the land, do not pass with it, " that they are *fructus industriales*, and, for most purposes, are regarded as personal chattels, even before they are severed from the soil." *Brittain* v. *McKay*, 1 Ired., 265, and *Lewis* v. *McNatt*, 65 N. C., 63.

Crops growing on land are presumed to pass with the title, but this presumption may be rebutted. *Walton* v. *Jordan*, 65 N. C., 170.

3. The motion in arrest of judgment was properly overruled. It is not denied that the Justice of the Peace had jurisdiction of the action, in the trial of which the alleged perjury was committed, and it is charged in the usual form, that the oath was duly administered, " the said G. A. Barbee, Justice of the Peace, as aforesaid, having then and there competent authority and power to administer the said oath to the said C. J. Green." *State* v. *Davis*, 69 N. C., 495.

There is no error.

No error.                                        Affirmed.