### THE STATE v. ELIZA MURPHY.

*Perjury—Indictment — Materiality of Oath—Evidence.*

1. In an indictment for perjury, where the necessary averments of the constitution of the Court, the joinder of issue, the administration of the oath, and the falsity and materiality of the evidence given are properly made, the judgment will not be arrested because the truth of alleged false testimony is not formally negatived, if that allegation sufficiently appears from other parts of the indictment by necessary implication.

2. On the trial of an indictment for an assault with a deadly weapon, it is a material fact whether such weapon was in fact used—among other things, to show the jurisdiction of the Court—but *how* it was used is not material, and hence it is not necessary to allege the particular way in which it was employed.

This is a CRIMINAL ACTION, which was tried before *Clark, J.,* at Fall Term, 1888, of McDowell Superior Court.

The defendant is indicted for the crime of perjury.

The following is so much of the indictment as is necessary to report here:

"The jurors for the State, upon their oath, present that, heretofore, to-wit: on the 22d day of September, A. D. 1884, at and in the county of McDowell, a certain criminal action, wherein the State of North Carolina was plaintiff and George Turner, John Turner and Mary Turner were defendants (the same being an indictment against said defendants for an assault and battery upon one George Murphy with deadly weapons, to-wit: a gun, a rock and a pistol), was pending and at issue in the Superior Court of McDowell County, and at said Fall Term of said Superior Court of said McDowell County the aforesaid criminal action was tried by and before his Honor J. A. Gilmer, Judge presiding, at said Superior Court, and a jury, said Superior Court having competent jurisdiction to try said criminal action. And that upon the said trial, so then and there

had as aforesaid, one Eliza Murphy, late of the county afore-
said, appeared and was produced as a witness for and in
behalf of the said State of North Carolina, the plaintiff afore-
said, and was then and there duly sworn and took her corporal
oath on the Holy Gospel of God, before the said J. A. Gilmer,
so being Judge as aforesaid, to speak the truth, the whole
truth and nothing but the truth, touching and concerning
the premises aforesaid, to-wit: the matter then in question
on the trial and action aforesaid, the aforesaid J. A. Gilmer,
as Judge of said Superior Court as aforesaid, then and there
being sufficient and competent power and authority to
administer the said oath to the said Eliza Murphy. And
that then and there, upon the trial and action aforesaid, it
became, and was a material question in the same, whether
the said John Turner, one of the defendants aforesaid, had
and used, or attempted to use, a certain pistol in committing
the assault and battery charged against the said defendant
in the indictment and criminal action there being tried as
aforesaid   And the jurors aforesaid, upon their oath afore-
said, present that the said Eliza Murphy, being so sworn as
aforesaid, not having the fear of God before her eyes, but
being moved and seduced by the instigation of the devil,
and wickedly devising and intending to prevent the due
course of law and justice, and unjustly to injure and
aggrieve the said defendant John Turner, then and there, on
trial and action aforesaid, upon her oath aforesaid, unlaw-
fully, falsely, corruptly, knowingly, wilfully, feloniously and
maliciously, by her own act and consent, before the said
Judge and jury aforesaid, did depose and swear and give in
evidence (amongst other things) in substance and to the
effect the following, that is to say, that the said John Turner,
in committing the assault and battery aforesaid, had and used
or attempted to use a certain deadly weapon, to-wit: a pistol,
whereas in truth and in fact the said John Turner did not

have or use, or attempt to use, any pistol in committing the assault and battery as charged in the indictment and criminal action as aforesaid," &c., &c.

The defendant pleaded not guilty to this indictment. On the trial there was a verdict of guilty. Thereupon her counsel moved in arrest of judgment and assigned as grounds of his motion:

1. She avers that the proceeding in which the false oath is alleged to have been taken is not substantially set forth in the indictment as required by the act in such case made and provided.

2. That the alleged false oath is not sufficiently negatived.

3. That the alleged false oath is not stated with sufficient precision in simply averring that the defendant swore that said John Turner had and used in the assault a pistol, without showing how she swore that he used it and for what purpose he used it.

The motion was denied, as was also a motion for a new trial, and there was judgment against the defendant, from which she appealed to this Court.

The following is so much of the case stated on appeal as it is necessary to report:

Upon the trial the State introduced several witnesses who swore that on the trial of the case of the State against John Turner and others, stated in the indictment in this case, the defendant appeared as a witness, and some of them swore that defendant stated that John Turner presented a pistol at her, and others stated that she swore that he presented the pistol at her and also at George Murphy, George at the same time being in the hands of the defendant, and was attempting to get to John Turner, but was detained by the defendant.

Defendant's counsel insisted that if she swore that said Turner presented the pistol at her she would not be convicted on this trial, as the oath would not be material, and if she swore that it was presented at both it would not help the

matter, for the reason it would not support the charge in the indictment, and asked his Honor thus to submit the question. But his Honor declined to do so, and the defendant excepted.

*The Attorney General*, for the State.
No counsel for the defendant.

MERRIMON, J. (after stating the case.) The motion in arrest of judgment was properly disallowed. No one of the grounds assigned in support of it is tenable.

The indictment charges, in an intelligent and orderly manner, that a certain criminal action, specified by its title and other descriptive facts, was pending at a specified time in and before a Court of competent jurisdiction to try and dispose of it—its specific nature and purpose and how and by what means the offence charged therein was committed ; that it was at issue—that on the trial the defendant was produced as a witness for the State and duly sworn —the Court having competent authority to administer the oath ; that a material question, the substance of which is charged, arose on the trial ; that the defendant, as such witness sworn, testified on the trial and gave material evidence, the substance of which is charged in such terms and with such fullness as to show its materiality. The truth of this evidence, it is true, is not negatived in express terms, as it should have been, but it is certainly denied in effect by charging particularly, specifically and in detail that what the defendant so testified to as true was not done as she said. The falseness of the particular material evidence of the defendant charged thus appears, and is charged by necessary implication, and with such clearness and precision as that the Court and the defendant could certainly see that such testimony of the defendant is charged to be false. This was sufficient to serve every just purpose.

It was material on the trial of the criminal action mentioned in the indictment to prove that the assault and battery therein charged was committed with a pistol, as charged, in order to show the grade of the offence and the jurisdiction of the Superior Court in which the action was pending (*The Code*, § 892); and if he used it at all in committing the offence, it was material to show that fact, whether the defendant in that action in using it fired it at the person assaulted or struck him with it, or attempted to do so. It was material to show that he used the pistol in some—in any—way in committing the assault, because the use of that weapon—a deadly one—gave the Superior Court jurisdiction of the offence. Wherefore charge with more particularity the defendant's testimony as to the particular manner in which and the purpose for which it was used? If she testified that it was used by the party on trial in any way and for any purpose in committing the offence, the testimony was material; and if she swore falsely, and did so wilfully and corruptly, that it was, when, in fact, it was not, she committed perjury. The charge in this respect was sufficiently definite to give to her to understand in what particular she swore falsely, and to enable her to prepare her defence.

The indictment sets forth the substance of the offence charged "in a plain, intelligible and explicit manner," with such fullness as that the Court could see that it was charged, and it gave the defendant such information as was necessary to enable her to make defence on trial and in case of a subsequent prosecution. Although it is not so precise and satisfactory in some particulars as it might have been made, we concur with the Court below in holding that it is sufficient, under the statute (*The Code*, §§ 1183, 1184, 1185), the purpose of which is to render unnecessary merely useless refinements and technicalities in pleading that once prevailed in cases like the present one. *State* v. *Hoyle*, 6 Ired., 1; *State* v. *Davis*, 69 N. C., 495; *State* v. *Roberson*, 98 N. C., 751.

Nor is the error assigned as to the special instruction asked on the trial well founded. The evidence that the defendant testified that the pistol was presented at her was wholly immaterial, but the evidence that she testified that it was presented at her and the prosecutor in the criminal action on the trial of which she was examined as a witness, was material, because it tended to prove the guilt of the defendant in that action, and to show that the Court had jurisdiction of the offence therein charged. It is not suggested that the immaterial evidence misled the jury to the prejudice of the defendant, and she was not entitled to the particular instruction she asked for. What instruction the Court gave the jury does not appear, but the presumption is that it was correct and satisfactory, as there was no exception to it.

There is no error.                          Affirmed.