### STATE v. HUBERT DEVONE DAUGHTRY.

(Filed 15 October, 1952.)

**1. Automobiles § 32½ —**

A warrant charging that defendant did violate "Ordinance No. ..........., Section ..........," of a named town by operating a vehicle upon the public highways with improper muffler contrary to said ordinance, "against the statute in such case made and provided, and against the peace and dignity of the said Town and State," *is held* sufficient to charge violation of G.S. 20-128 (a), made a misdemeanor by G.S. 20-176 (a), the references to the municipality and the ordinance being treated as surplusage. The use of "and/or" in legal proceedings disapproved.

**2. Automobiles § 29b—**

A warrant charging that defendant violated "Ordinance No. .........., Section ..........," of a named town "by operating a motor vehicle upon the public highways of N. C. at a greater rate of speed than allowed by law, to wit: 80 miles per hour, contrary to the said ordinances, against the statute in such case made and provided, and against the peace and dignity of the said Town and State," *is held* sufficient to charge a violation of G.S. 20-141, made a misdemeanor by G.S. 20-180, the reference to the municipality and the ordinances being treated as surplusage.

**3. Indictment and Warrant § 9—**

Where a warrant is sufficient to charge a violation of statute, the fact that it ineffectively refers also to a municipal ordinance will not render the warrant void, but the reference to the municipality and the ordinance will be treated as surplusage.

**4. Indictment and Warrant § 11½ —**

A plea of guilty waives any defect in a warrant charging a misdemeanor. G.S. 15-140.

**5. Criminal Law § 81c (4) —**

Where sentences on separate indictments are to run concurrently, any error relating to the lesser sentence alone cannot be prejudicial.

APPEAL by defendant from *Burney, J.,* at March Term, 1952, of PITT.

Criminal prosecutions upon two warrants issued out of Recorder's Court of Ayden and Pitt County, North Carolina, on 20 August, 1951, one upon affidavit charging that "in the town of Ayden, on or about

16 day of August, 1951, Hubert Devone Daughtry did unlawfully and willfully violate an ordinance of the town of Ayden, or (a State Law) to wit: Ordinance No. .........., Section .........., by operating a vehicle upon the public highways of N. C. with improper muffler, the said motor vehicle not being equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise, annoying smoke, and/or smoke screens, contrary to the said ordinances, against the statute in such cases made and provided, and against the peace and dignity of the said Town and State." And the other upon affidavit charging that at and in said county and town, and on same date, 16 August, 1951, "Hubert D. Daughtry did unlawfully and willfully violate an ordinance of the Town of Ayden, or (a State Law) to wit: Ordinance No. ........., Section .... ...., by operating a motor vehicle upon the public highways of N. C. at a greater rate of speed than allowed by law, to wit: 80 miles per hour, contrary to the said ordinances, against the statute in such case made and provided, and against the peace and dignity of the said Town and State."

The record shows that the warrant so issued as first above stated was entered upon the Criminal Trial Docket of the said Recorder's Court as No. 8155, and the warrant so issued as second above stated was entered thereon as No. 8154.

The record also shows (1) as to each case "Judgment. Ask for jury trial. A. W. Sawyer, Clerk," and (2) in each case defendant gave bond for his personal appearance before Superior Court Judge of Pitt County, N. C., at the next term of said court to answer the charge in the warrant,—and not to depart said court without leave.

The record further shows that at March Mixed Term, 1952, of Superior Court of Pitt County, the presiding judge rendered judgment in case State v. Hubert Devone Daughtry—4322-4320, as follows: "This cause coming on to be heard and being heard before the undersigned (Judge Presiding), and the defendant being charged in a warrant with operating a motor vehicle upon the highways at a speed of eighty miles an hour, and the defendant having entered a plea of 'guilty as charged,' and in case number 4320 the defendant being charged in a warrant with operating a motor vehicle upon the highways with improper muffler, and the jury after hearing all the evidence, argument of counsel and charge of the court having said for their verdict that the defendant is guilty as charged in said warrant. Thereupon the Solicitor for the State prayed judgment, It is considered, ordered and adjudged in case No. 4322 that the defendant be confined in the common jail of Pitt County, assigned to work the public highways for a term of six months.

"It is further considered, ordered and adjudged in Case No. 4320, upon the charge of operating an automobile upon the public highways with improper muffler, that defendant be confined in the common jail of Pitt

County for a term of thirty days, assigned to work the public highways under the direction and supervision of the State Highway & Public Works Commission. This sentence to run concurrently with the above sentence of six months in case Number 4322."

And the record also shows that "to the foregoing judgment defendant excepts and gives notice of appeal to Supreme Court."

*Attorney-General McMullan and Assistant Attorney-General Lake for the State.*

*Jones, Reed & Griffin for defendant, appellant.*

WINBORNE, J. While defendant makes these assignments of error: "(1) That the court erred in entering judgment as it appears in the record for that no criminal charge cognizable by the court and vesting it with authority to proceed to judgment was before the court," and (2) "that the court does not specify with certainty the alleged charge upon which it attempted to proceed to judgment," it is stated in brief of defendant, as appellant, filed in this Court that the only questions involved on this appeal are as to whether or not a warrant stating the charge as above set forth in the affidavits on which the respective warrants are issued is sufficient to charge (1) the crime of operating a motor vehicle with improper muffler, and (2) a crime of speeding eighty miles an hour.

In the light of pertinent statutes, and decisions of this Court, we hold that the warrants are sufficient to withstand the challenge.

It is patent that the affidavit is written on a form for use in charging violation of both town ordinances and State law, as the case might be.

And this Court in dealing with a similar warrant in the case of *S. v. Peters,* 107 N.C. 876, 12 S.E. 74, had this to say: "It is urged here that the warrant in the case against Amos Phillips was entitled 'State and City of Greensboro *v.* Amos Phillips,' and that it charged that the offense was against the ordinance of the city of Greensboro, whereas the illegal sale of spirituous liquor is an offense only cognizable by State authority. No objection was taken below to the introduction of the warrant, nor was there any prayer for instruction that there was a variance between the allegation and proof . . . it is sufficient to say that the warrant in proper terms charges a sale of spirituous liquor without license and as an offense against the State. The additional averments in the warrant that it was a violation of a town ordinance also was mere surplusage, as were the words 'and city of Greensboro' in entitling the warrant," citing *S. v. Collins,* 85 N.C. 511, and *S. v. Brown,* 79 N.C. 642.

Applying this principle to each of the warrants here under consideration and striking from each words pertaining to town ordinances, and to the town, there remain two distinct criminal offenses under the State laws

pertaining to operation of motor vehicles: First: It is declared in G.S. 20-18 (a) that "no person shall drive a motor vehicle on a highway unless such motor vehicle is equipped with a muffler in good working order and in constant operation to prevent excessive or unusual noise, annoying smoke and smoke screens"; and in G.S. 20-176 (a), in pertinent part, that "it shall be unlawful and constitute a misdemeanor for any person to violate any of the provisions of this Article, unless such violation is by this Article or other law of this State declared to be a felony."

It is here noted that the statute reads "annoying smoke and smoke screens," and not "annoying smoke 'and/or' smoke screens." And this Court has said that the use of the term "and/or" in a warrant "adds nothing to its clarity," *S. v. Ingle,* 214 N.C. 276, 199 S.E. 10. See also *Gibson v. Ins. Co.,* 232 N.C. 712, 62 S.E. 2d 320, and cases there cited, and *S. v. McLamb, ante,* 287.

Secondly: In respect to speed restrictions, it is declared in G.S. 20-141 (b) (1) (2) and (4) (j) that it shall be unlawful to operate passenger cars in excess of twenty miles per hour in any business district, thirty-five miles per hour in any residential district and fifty-five miles per hour in places other than business and residential district, and that any person violating any of the provisions of this Section shall be guilty of a misdemeanor and shall be punished as provided in G.S. 20-180. (Note amendments to G.S. 20-180; 1947 Session Laws Chap. 1067, Sec. 19, and 1951 Session Laws Chap. 182, Sec. 2.)

See also *S. v. Sumner,* 232 N.C. 386, 61 S.E. 2d 84, where the offense charged was operating a motor vehicle upon a public highway in the State at a speed of 90 miles per hour. It is there stated in opinion by *Barnhill, J.,* that while the criminal charge contained in the warrant might have been more precisely stated, "it is sufficiently intelligible and explicit to (1) inform the defendant of the charge he must answer, (2) enable him to prepare his defense, and (3) sustain the judgment. This is all that is required."

Applying the rule there stated to case in hand, manifestly defendant knew with what offenses he was charged. For he pleaded "not guilty" to the one, and "guilty" to the other. And it is presumed that by the plea of guilty, entered through counsel, in No. 4322, defendant waived any irregularity in matter of procedure. G.S. 15-140. And since the sentence in No. 4320 is to run concurrently with the sentence in No. 4322, prejudicial error is not made to appear in respect thereto.

No error.