R. A. JOHNSON, ADMINISTRATOR OF THE ESTATE OF BILLY JOE JOHNSON, v. CLEVELAND COUNTY BOARD OF EDUCATION AND/OR NORTH CAROLINA BOARD OF EDUCATION.

(Filed 3 November, 1954.)

**1. Parties § 3—**

The naming of one party defendant "and/or" another party defendant is disapproved, it being required that parties defendant be named with more exactitude.

**2. Judgments § 27c—**

The sole remedy against an erroneous judgment is by appeal.

**3. State § 3f: Administrative Law § 6—**

Where, in a proceeding under the Tort Claims Act, the Superior Court on appeal adjudicates that certain findings of the Commission were not supported by evidence, and remands the cause, the Commission is bound by the order unless and until it is set aside on further appeal to the Supreme Court, and the Commission may not merely rephrase the original findings and adopt them as so rephrased.

**4. State § 3b—**

Intestate was fatally injured when he caught hold of or fell against the door bar of a school bus, causing the locking lever to dislodge and the door to open, through which intestate fell. *Held:* In the absence of any evidence tending to show that the door locking mechanism was loose, or in the slightest state of disrepair, or that a jolt or jar would cause the door to open, a finding of negligence predicated on the disrepair of the door bar is not supported by evidence.

**5. Same—**

Where there is no evidence before the Commission that the school bus in question was being driven at excessive speed, a finding of negligence based on excessive speed is not supported by the evidence.

**6. Same—**

Where the evidence discloses that passenger in a school bus left his seat and walked to the front of the bus, that both the bus driver and his companion told him to return to his seat, and that the fatal accident occurred within a matter of moments thereafter, what steps the driver was under duty to take to compel the passenger to return to his seat, is not presented.

APPEAL by defendants from *McSwain, Special J.,* February Term 1954, CLEVELAND. Reversed.

Proceedings under the Tort Claims Act to recover compensation for the alleged wrongful death of plaintiff's intestate.

The deceased was a pupil at the Casar School in Cleveland County, and was transported to and from school on a regular school bus.

On the morning of 18 March 1952 the bus was being operated by a driver who had been transferred from another route. He was accompanied by the regular driver who was directed to familiarize him with the route, etc. Deceased and a girl were the first to board the bus. Deceased went towards the back of the bus and took a seat. A short distance ahead, the driver stopped and "picked up" Annie Canipe. Deceased arose, went to the front of the bus, and put his books in the glove compartment. The driver and his companion both told him to sit down. He "looked back and grinned." The bus was then traveling slowly on a dirt road near or in a slight S-shaped curve—first to the left of the driver and then to the right—and deceased "was standing right up where the door opens."

As the bus went into the curve, deceased either caught hold of the door bar and applied sufficient pressure to cause the door to open or lost his balance and grabbed the bar to regain his balance. In any event, the door opened, and he fell out. The injuries he received caused almost instant death.

After the driver told deceased to sit down, he did not have time to stop before deceased caught the door bar.

The hearing commissioner found the facts, including the following: that at and before the time the bus started, after picking up the Canipe girl, the bus operator knew that deceased had not resumed his seat but was standing at the front of the bus near the door; that the bus was being driven more than twenty miles per hour; that this was faster than was reasonably prudent under the circumstances as they then existed; that by reason of the speed of the bus and its sudden turn to the left, the deceased lost his balance and fell; that driving and turning the bus in the manner described constituted negligence on the part of the driver of the

bus; and that this negligence was a proximate cause of the death of the deceased. He further found that the door control mechanism was not in proper repair, but that it was loose and out of adjustment to such an extent that pressure on the door bar caused the locking lever to dislodge and permit the door to open; that the driver knew of its loose condition, and that pressure on the locking lever would prevent the door from opening even against pressure on the door bar; that the driver did nothing to keep the door from opening; that in failing to do so, being aware of the presence of deceased in a place of potential danger, he failed to exercise that degree of care which a reasonably prudent person would have exercised under the same or similar circumstances; that this constituted negligence on the part of the driver of the school bus; and that this negligence was a proximate cause of the death of deceased. The hearing commissioner then, upon the facts found and the conclusions made thereon, entered judgment for plaintiff in the sum of $8,000. Defendants appealed to the full Commission. A majority of the full Commission, the chairman dissenting, adopted the facts found and made an award. Defendants appeal to the Superior Court.

When the appeal came on to be heard before Patton, Special J., at the May Term 1953, he concluded that there is no competent evidence in the record of the hearing before the Commission to support the finding made by the Commission "that the bus was being driven more than twenty miles per hour at the time . . . that this was faster than a reasonably prudent person would have operated the bus under the same or similar circumstances," and "that the door control mechanism on the bus was not in proper repair," but "was loose and out of adjustment." He sustained the defendants' exceptions thereto and the exception to the conclusions of law based thereon.

The judgment entered includes the following:

"It appears that the Commission used excessive speed and a sudden turn to the left to form the basis for a finding of negligence. If this is true, this Court is unable to tell whether there would have been a finding of negligence in the absence of the finding of excessive speed and a sudden turn to the left . . . The Commission used the state of repair of the door control mechanism as a basis for finding that the driver of the bus was negligent and that this negligence was a proximate cause of the death of deceased.

"This Court is unable to tell what the finding as to negligence could have been if the condition of the door control mechanism had been eliminated."

The cause was remanded for "clear-cut findings of fact based on competent evidence and conclusions of law which do not conflict with the findings of fact."

When the cause again came on for hearing before the Commission, a majority thereof (the chairman dissenting) found facts which are in substance the identical findings the judge of the Superior Court had ruled are unsupported by competent evidence; made additional findings; concluded "that the record as a whole inevitably leads to a conclusion that the school bus was being driven at an excessive rate of speed, and we have so found as a fact . . . A majority of the Commission is of the opinion that the proximate cause of the death of this child was the conduct of the school bus driver originating with excessive speed and ending with his unexplained failure to reduce his speed and protect the door handle after discovering the perilous position occupied by the boy"; and again awarded plaintiff judgment in the sum of $8,000. Defendants excepted and appealed to the Superior Court.

When the cause came on to be heard in the court below, the judge presiding overruled the exceptions of the defendants and entered judgment affirming the award. Defendants excepted and appealed to this Court.

*Attorney-General McMullan, Assistant Attorney-General Love, and Gerald F. White, Member of Staff, for defendant appellants.*
*R. L. Elam and J. C. Whisnant for plaintiff appellee.*

BARNHILL, C. J. We observe with disfavor that the and/or method of naming the defendants in the captions to the summons and pleadings filed has been adopted in this cause. The question immediately arises: Does plaintiff seek recovery against the County Board of Education or the State Board or against both defendants? When a judge of the Superior Court acquires jurisdiction of the parties and the subject matter in pending litigation, any judgment or decree entered by him becomes *res judicata* as to the parties and all their privies. Hence, more exactitude in naming those who are defendants is required. *Gibson v. Insurance Co.,* 232 N.C. 712, 62 S.E. 2d 320, and cases cited; *S. v. McLamb,* 236 N.C. 287, 72 S.E. 2d 656; *S. v. Daughtry,* 236 N.C. 316, 72 S.E. 2d 658.

When Patton, S. J., on defendants' first appeal to the Superior Court, sustained the exceptions of defendants, plaintiff's remedy was by appeal to this Court. In the meantime, pending the disposition of the appeal, the Commission was bound by the order entered in the Superior Court. Although it is patent that a majority of the Commission are "of the same opinion still," it was their duty to bow to superior authority and eliminate those findings Patton, S. J., concluded are not supported by any competent evidence. Instead, they rephrased the language of the original findings, readopted them as so rephrased, made additional findings, concluded "that the proximate cause of the death of this child was the conduct of the school bus driver originating with excessive speed and ending with his

unexplained failure to reduce his speed and protect the door handle after discovering the perilous position occupied by the boy," and again awarded plaintiff $8,000.

Thus the facts found are in substance the same and the questions presented are identical.

The record is devoid of any competent evidence tending to support the crucial findings made by the Commission on the question of negligence. The bus was one of the newer type, and its door mechanism operated more easily than on the older type bus. Yet it took "sustained pressure" on the door lever to cause it to open. So all the witnesses testified. There is no evidence in the record tending to show that this mechanism was loose or that a jolt or jar would cause the door to open or that the door or door lever was in the slightest state of disrepair.

Nor is there any evidence of speed or other want of due care on the part of the bus operator. The bus had just been put in motion after stopping to pick up a passenger. It could not have attained any considerable speed at the time the mishap occurred, and no witness undertook to testify that it had.

When the deceased left his seat and walked to the front of the bus, both the bus driver and his companion told him to return to his seat. Even if we concede that the bus driver, on proper occasion, was vested with authority to use physical force to compel the deceased to return to his seat, that occasion had not arisen when the unfortunate accident occurred.

It follows that the court below erred in overruling the defendants' exceptions to the findings of fact made by the Commission. It will now remand the cause to the Commission with direction that it enter judgment denying the claim of plaintiff and dismissing the action. To that end the judgment entered in the court below is

Reversed.