THE STATE v. GEORGE PETERS.

*Indictment—Perjury—Form of Indictment—Formal Conclusion of Indictment—Evidence—Warrant.*

1. When perjury is charged to have been committed by a witness in the trial of a criminal proceeding which was begun by warrant, if the Court had jurisdiction to investigate the offence charged, it is no defence that the warrant was issued without complaint or affidavit.

2. To prove the falsity of the oath, the evidence must not necessarily equal in weight the testimony of two witnesses. It is sufficient if there is the testimony of one witness and corroborative circumstances sufficient to turn the scale against the oath which is charged to have been false.

3. The form of indictment for perjury prescribed by chapter 83, Acts 1889, is sufficient and legal.

4. The formal conclusion, "against the peace and dignity of the State," and "against the form of the statute," etc., are unnecessary in an indictment for any offence whatever, but are mere surplusage. *State* v. *Kirkman*, 104 N. C., 911, approved.

5. When time is not of the essence of an offence, as in perjury, the omission to charge any time in the indictment is not ground to arrest the judgment. *The Code*, § 1189.

6. Where the indictment for perjury alleges it to have been committed in an action wherein "the State was plaintiff and A. B. defendant," it is no variance if the warrant was entitled "State and City of G. *vs.* A. B."

7. When the indictment alleges the perjury to have been committed in the "trial of an action between the State and A. B.," it is immaterial whether the Court, if it had jurisdiction of the subject-matter, erroneously or correctly assumed or refused to assume final jurisdiction, or whether it acquitted, convicted or bound over the defendant in such action. A preliminary trial is a trial of an action within the statute.

8. The statute has merely simplified the form of indictment for perjury. The constituent elements of the offence remain unchanged, and require the same proof as heretofore.

Indictment for Perjury, tried before *Womack, J.,* and a jury, at May Term, 1890, of GUILFORD Superior Court.

The indictment was as follows:

"The jurors for the State upon their oath present that George Peters, of Guilford County, did unlawfully commit perjury upon the trial of an action in the Mayor's Court of the city of Greensboro, before James W. Forbis, Mayor, in Guilford County, wherein the State was plaintiff and Amos Phillips was defendant, by falsely asserting on oath that he (meaning the said George Peters), had not purchased any spirituous liquors from Amos Phillips less than half a pint on Sunday, April 27th, 1890, knowing the said statement to be false or being ignorant whether or not said statement was true, against the form of the statute in such case made and provided and against the peace and dignity of the State."

The false swearing was alleged to have taken place before the Mayor of Greensboro in the trial of Amos Phillips upon the following warrant, which was introduced in evidence:

" STATE AND CITY OF GREENSBORO ⎞ *Before* JAS. W. FORBIS,
          *against*                    ⎟              *Mayor.*
     AMOS PHILLIPS.           ⎠ *Warrant for retailing.*

STATE OF NORTH CAROLINA,

 *To the Chief of Police of the City of Greensboro,*

  *Or other lawful officer of Guilford County*—GREETING:

WHEREAS, Complaint has been made before me this day on the oath of W. J. Weatherly that Amos Phillips, on or about the 28th day of April, 1890, with force and arms at and in the county aforesaid, and within the city limits, did wilfully and unlawfully sell spirituous liquors inside the corporation to one George Peters in quantity less than five gallons without having license; against the statute in such cases made and provided, against the peace and dignity of the State and in violation of the city ordinance, section 8, ch. 15, p. 110. These are, therefore, to command you forthwith to apprehend the said Amos Phillips, and him have before me at the Mayor's Office, then and there to answer the said charge and be dealt with according to law.

Given under my hand and seal, this 7th day of May, A. D., 1890.

     JAMES W. FORBIS, *Mayor.* [Seal.]"

The evidence is substantially stated in the opinion.

The jury returned a verdict of guilty. Motion in arrest of judgment on the ground that the indictment was not sufficient in its averments to charge the crime of perjury. Motion denied. Sentence pronounced as in the record from which the defendant appealed.

*The Attorney General,* for the State.
*Mr. John W. Graham,* for the defendant.

CLARK, J.—after stating the facts: The defendant's counsel asked a witness, "Was not the warrant on which Amos Phillips was tried issued without a sworn complaint or affidavit being made by any person whatever?" The indictment charged the perjury to have been committed in that trial. The question was ruled out on objection by the State, and defendant excepted.

In *State* v: *Bryson,* 84 N. C., 780, ASHE, J., in construing the provisions of the act which are now *The Code,* §§ 1133 and 1134, says that no written affidavit or complaint is required, and that the appellate Court " can only look at the warrant, which is the complaint," and "cannot look behind the warrant for objections lying in the defects or irregularities of the preliminary evidence." Whatever might have been the effect if there had been no *oral* complaint on oath, and such objection had been taken by Phillips on the trial, it is clear that such objection could not have availed him when made for the first time on appeal. *A fortiori,* it could not be raised in this collateral way by this defendant. In England, where a written information, on oath, it seems, is necessary to the validity of a warrant, it was held by a full bench in the Court of Criminal Appeals, in a recent case— *Reg.* v. *Hughes,* 14 Cox's C. C, 284 (1879)—on an indictment for perjury alleged to have been committed by a witness in a case where the warrant was issued without either written information or any oath whatever, that this irregularity could not avail the witness in such case when on trial for perjury committed in such action, any more than whether the Court in such case pronounced a legal or illegal judgment. Those are matters which concerned the defendant in that case, but not the witness, if the Court had jurisdiction of the offence charged in the warrant. In *State* v. *Lavalley,*

9 Mo., 834, the Court say that it is no defence for a person charged with perjury to show that the Court committed error in its proceedings, provided it had jurisdiction of the subject-matter and of the parties, and that any other rule would change the issue, so that, instead of trying the defendant for false swearing, the Court would review the regularity and correctness of the proceeding in another case. In *State* v. *Alexander*, 4 Hawks, 182, the Court, upon the face of the warrant, had no jurisdiction of the action in which the false oath was taken. The jurisdiction depends, not upon the affidavit preliminary to issuing the warrant, but on the nature of the offence charged in the warrant.

The defendant asked the Court to instruct the jury " that, as the evidence of Weatherly and others did not establish the fact that the liquid which Phillips had was spirituous, and that, as their evidence, with the other circumstances taken together, only afforded an inference that it was spirituous liquor, it was not sufficient to convict of an indictment for perjury," and further, "that no witness corroborated the evidence of Weatherly as to the sale by Phillips to the defendant, nor was there any confirmatory circumstances as to the sale itself from Phillips to defendant, and that it amounted only, in either of above cases, to the oath of Weatherly against the oath of Peters, the defendant, and that such was not sufficient to warrant a conviction for perjury." The Court did not give these instructions, and defendant excepted. A witness for the State testified that, on the Saturday night before the Sunday, April 27th, 1890, on which the illegal sale of spirituous liquor by Phillips was charged to have been committed, he saw Phillips get a jug of white liquid drawn from a barrel in a bar-room, and pay for it, and take it, and place it near where he afterwards saw him in the alley, on the north side of the street, on the Sunday referred to, on which day he saw Phillips go to where it had been placed several times, and return with a bottle, from which

he poured out the drinks in a small glass, holding much less than half a pint, to divers colored men, who drank and handed Phillips money, and he saw Peters in the crowd. Another witness, one Weatherly, testified that the liquid looked like corn whiskey; that Phillips poured it out of a bottle into a "short" glass holding much less than half a pint; that he saw the defendant (Peters) drink and give Phillips a nickel, and that divers other colored men came to Phillips at the same place, in the alley on the north side of the street, in the course of some hours A third witness testified to the crowd of colored men coming to Phillips, who was on the north side of the street, into the alley described by the other witnesses, and that the defendant (Peters) was among them. The witness heard money rattling out in the alley, but did not look to see who had it and did not see any transaction between Phillips and Peters. There was also evidence by the Mayor and another witness that, on the trial of Amos Phillips, the defendant (Peters) was sworn and examined as a witness and testified that he did not buy any liquor in quantity less than half a pint from Amos Phillips on the day testified to by the State's witnesses, and that he was not on the north side of the street on that day. The false oath charged in the indictment is, that the defendant testified on the trial of Amos Phillips that "he had not purchased any spirituous liquor from Amos Phillips less than half a pint on Sunday, April 27th, 1890." The materiality of the oath and that the defendant so swore are not controverted by any exception taken. We think there was sufficient evidence to go to the jury upon the question whether the liquid dispensed an that occasion by Amos Phillips was spirituous liquor.

One witness testified that he saw defendant purchase of Amos Phillips some of the liquid in quantities less than half a pint on Sunday, April 27th, 1890, and pay for it. The testimony of other witnesses of sales by Amos Phillips

107—56

of the liquid at the same time and place to divers others, and of defendant being in the crowd and on the north side of the street, together with defendant's denial before the Mayor that he was on that day north of the street, together with all the circumstances in evidence, makes evidence corroborative of the single witness who testified as eyewitness of the sale by Phillips to Peters. *State* v. *Brown*, 79 N. C., 642. It is not required that "the corroborative circumstances should equal in weight the testimony of one witness, but there must be enough in addition to the testimony to turn the scale as against the weight of the prisoner's oath on the former trial." 2 Bish. Crim. Prac, § 871. The instructions asked were properly refused.

The defendant moved in arrest of judgment on the ground that "the bill of indictment was not sufficient in its averments to charge the crime of perjury." The bill of indictment is a substantial copy of the form authorized by chapter 83, Acts of 1889, except that it adds the formal conclusion, "against the form of the statute in such cases made and provided, and against the peace and dignity of the State." These words are not required by the act cited, nor are they necessary or material in an indictment for any offence in this State, as was held by the Court in *State* v. *Kirkman*, 104 N. C., 911. The same rule obtains in England. The House of Lords, in the famous perjury case of *Castro* v. *The Queen* (better known as the "Tichborne" case), L. R., 6 App. Cases, 299, *Held* (Lord Chancellor Selborne and Lords Blackburn and Watson concurring in the opinion and affirming the Court below), that by virtue of statutes 14 and 15 Victoria (similar to our Code, § 1183), the words "against the form of the statute and against the peace and dignity of the Queen," were not essential in any indictment, and their omission not ground either for a motion to quash or in arrest of judgment But, we take it, that their use is mere surplusage. The defendant contends, however, that the indictment is defective in that no time is laid. The act

does not require it, and, indeed, as time is not of the essence of the offence, "the omitting to state the time at which it was committed" is not ground to stay or reverse the judgment. *The Code*, § 1189. It can neither benefit nor inform a defendant to charge the date of the commission of the offence, except in those very few cases in which time is of the essence of the offence, in which cases only has it ever been required to prove the time as laid. *State* v. *Arnold, ante* 861.

It is urged here that the warrant in the case against Amos Phillips was entitled "State and City of Greensboro *v.* Amos Phillips," and that it charged that the offence was against the ordinance of the city of Greensboro, whereas the illegal sale of spirituous liquor is an offence only cognizable by State authority. No objection was taken below to the introduction of the warrant, nor was there any prayer for instruction that there was a variance between the allegation and proof. If we could notice such objection, when taken here for the first time, it is sufficient to say that the warrant in proper terms charges a sale of spirituous liquor without license and as an offence against the State. The additional averment in the warrant that it was a violation of a town ordinance also, was mere surplusage, as were the words "and City of Greensboro" in entitling the warrant. *State* v. *Collins*, 85 N. C., 511; *State* v. *Brown*, 79 N. C., 642.

Objection was also taken here that, on the face of the record, the Mayor had no jurisdiction of the offence charged against Phillips, and, therefore, the defendant could not be convicted of false swearing, the action being *coram non judice.* By virtue of *The Code*, § 3818, the Mayor is a Court, with the jurisdiction of a magistrate, and, as such, he had authority to investigate the charge of selling liquor without license. It does not appear whether he assumed final jurisdiction, or merely bound the party over to Court, or acquitted the defendant, or dismissed the action. Nor is it material, since

the subsequent erroneous or illegal judgment of the Mayor could not affect the guilt or innocence of this defendant. The charge in the warrant determines the jurisdiction, and not what is done in the trial.

It is further objected that the allegation of the false oath as having been taken on the "trial of an action," &c. (naming the Court and case), is not sufficiently definite. Still, it is such allegation as is declared sufficient by the statute, and we cannot see that it can make any difference whether it was a "preliminary trial" or a trial with final jurisdiction. Either comes within *The Code*, § 1092. If the perjury was committed in any of the cases named in that section other than "in the trial of an action," as in an affidavit, or deposition, or the like, the indictment should so charge it.

The many technicalities which have hampered the administration of justice in regard to false swearing moved the Legislature to enact section 1185 of *The Code*, and more recently the above-cited act prescribing a simple form of indictment for that offence. Chapter 83, Acts 1889. The authority of the Legislature to prescribe forms of indictment is sustained in *State* v. *Moore*, 104 N. C., 743. The form of indictment here authorized points out to the defendant that the offence charged is perjury, the Court and the names of the parties to the proceeding in which it is alleged to have been committed, the words alleged to have been sworn, and their falsity. The charge is simplified. But the constituent elements of the offence remain as before. They are included in the allegation "did commit perjury," and it must still be shown in proof that the defendant made oath or affirmation substantially as charged, that the defendant was duly sworn by an officer competent to administer the oath, and in a matter of which he had jurisdiction, and in one of the cases specified in *The Code*, § 1092, *i. e.*, "in a suit, controversy, matter or cause depending in any of the Courts of the State, or in a deposition or affidavit taken pursuant to law,

or in an oath or affirmation duly administered of or concerning any matter or thing whereof such person is lawfully required to be sworn or affirmed," that it was in a material matter, and the jury must be further satisfied that such oath or affirmation was wilfully and corruptly false. When, however, falsity is proven, it has been held that the burden is on the defendant to show that it arose from surprise, inadvertence or mistake, and not from a corrupt motive. *State v. Chamberlain*, 30 Vt., 557; 2 Whart Cr. Law, § 1320 (9th Ed.).

    *Per Curiam.*                              No error.