STATE v. RILEY HARRIS.

(Filed 30 October, 1907).

1. **Indictment—Feloniously—Sufficiency—Power of Legislature— Constitutional Law.**

While it has been held that, in indictments for felonies, the word "feloniously" must appear as descriptive of the offense, the Legislature had the right to modify old forms of bills of indictment or to establish new ones, provided the form established is sufficient to apprise the defendant with reasonable certainty of the nature of the offense of which he stands charged.

2. **Same.**

Revisal, sec. 3247, establishing a form for an indictment for perjury, that A B did unlawfully commit perjury, giving in addition the court where the trial was had, the title of the cause, the statement alleged to be false, with proper averments as to *scienter*, is a valid exercise of such power, and is in accord with our Bill of Rights, which requires that the defendant be informed of the accusation against him.

3. **Same.**

An indictment is sufficient when charging the defendant with unlawfully committing perjury upon the trial of a specified action before a certain justice of the peace, at a certain time and place, by falsely asserting on oath, the same being material to the inquiry when made, that he did not turn over to a certain person named his account and statement of rent due him, etc., knowing the said statement to be false, against the form of the statute, etc.

CRIMINAL ACTION, tried before *Councill, J.,* and a jury, at April Term, 1907, of the Superior Court of Anson County.

Defendant was indicted and convicted of perjury on the following bill of indictment:

"The jurors for the State, upon their oaths, present: That Riley Harris, late of the county of Anson, on the 9th day of March, in the year of our Lord one thousand nine hundred and six, with force and arms, at and in the county aforesaid, did unlawfully commit perjury upon the trial of an action in the court of a justice of the peace in Anson County, wherein the State of North Carolina was plaintiff and Jeff Ratliff was

defendant, by falsely asserting on oath that he, the said Riley Harris, never turned over to Y. C. Allen his account and statement of rent due him, the said Riley Harris, by Jeff Ratliff, as security for the payment of house rent due said Y. C. Allen, and that he never told Jeff Ratliff to pay the same to Y. C. Allen; and that he, the said Riley Harris, never delivered to Y. C. Allen a statement of said account of rents due him by W. T. Ingram, knowing the said statement or statements to be false, against the form of the statute in such case made and provided, and against the peace and dignity of the State.　　　　　　　　　　ROBINSON,

　　　　　　　　　　　　　　*"Solicitor."*

There was judgment on the verdict, and defendant excepted and appealed.

*Assistant Attorney-General Clement* and *H. H. McLendon* for the State.

*J. W. Gulledge* for defendant.

HOKE, J., after stating the case: It is chiefly urged against the validity of this conviction and sentence that the word "feloniously" is not used in the bill of indictment. The question is distinctly and properly raised, both by motion to quash and in arrest of judgment, but we are of opinion that the position cannot be sustained. It has been frequently held with us that, in indictments for felonies, the word "feloniously" must appear as descriptive of the offense, and that no other or equivalent term will suffice. This principle, however, does not obtain where the Legislature otherwise expressly provides; and so it is here. Our Revisal of 1905, ch. 80, sec. 3247, establishes a form for a bill of indictment for perjury, and enacts in express terms that this form shall be sufficient. The statute does not make the word "feloniously" a part of the bill, and it does not appear in the form set out, and the same is, therefore, no longer required. The General Assem-

bly has the undoubted right to enact legislation of this character, to modify old forms of bills of indictment, or establish
new ones, provided the form established is sufficient to apprise
the defendant with reasonable certainty of the nature of the
crime of which he stands charged.    "To be informed of the
accusation against him" is the requirement of our Bill of
Rights, and, unless such legislation is in violation of this
principle or in contravention of some express constitutional
provision, it should and must be upheld by the courts.    The
act in question is open to no objection of the kind suggested.
"Did unlawfully commit perjury" is the descriptive part of
the charge required by the statute, giving, in addition, the
court, the cause, the statement alleged to be false, with proper
averments, also, as to the *scienter;* and, by the terms of such
a bill, therefore, the defendant is fully notified of the charge
made against him, and the present indictment, following
with exactness the form established by the law, the objection
of the defendant must be overruled.    *State v. Hester,* 122
N. C., 1047; *State v. Moore,* 104 N. C., 743-751; *Common-
wealth v. Truelove,* 150 Mass., 66; Cooley on Constitutional
Law (7th Ed.), p. 382, note 3, and p. 436, note 2.    The form
established by the statute has been expressly approved in
several decisions of this Court.    *State v. Thompson,* 113
N. C., 638; *State v. Gates,* 107 N. C., 832; *State v. Peters,*
107 N. C., 816.

Our attention has been called by counsel to the cases of
*State v. Bunting,* 118 N. C., 1200, and *State v. James Shaw,*
117 N. C., 764.    These cases were indictments for perjury,
in which it was expressly held that the term "feloniously"
was required to make a good bill of indictment for this offense.    Both of them, too, were on indictments instituted
after the statute which established the form followed in the
present bill.    The Court, however, in rendering these decisions, was evidently not advertent to the statute above referred to, for the reason probably that it does not appear in

the general Code of 1883, and was, therefore, not called to its attention; the statute having been enacted at a subsequent session and being chapter 83 of Laws of 1889. This law we hold to be controlling on the question, and the cases cited are overruled.

It is further contended that the bill is defective, for that the matter alleged therein to be false is not material, and objection is made on this account to the form of the bill and to the testimony offered in support of the charge as laid; but this objection is without merit. It is undoubtedly a correct position that one of the essentials in a charge of "perjury" is that the matter alleged to be false must be material. The conclusion is sound, but the premise is defective, or, rather, it is nonexistent, for the alleged testimony was material. It was given in a criminal action, in which the present defendant, as landlord, was prosecuting one Jeff Ratliff, a tenant, for removing crops without having paid the rent. Ratliff's defense was that the defendant's claim for rent had been assigned by him to one Y. C. Allen, and that he (Ratliff) had paid the claim, or adjusted it with the assignee. This testimony, tending, as it did, to establish the assignment of defendant's claim as landlord, was not only material, but directly relevant to the issue, and the Judge below made a correct ruling on defendant's objection.

There is no error, and the judgment of the lower court is affirmed.

No Error.