STATE v. B. S. CLINE.

(Filed 6 May, 1908).

1. **Indictment—Motion to Quash—Refused—Subsequently Allowed—Appeal and Error—Evidence not Considered.**

When a trial Judge has refused to grant a motion to quash an indictment, made upon the ground of its insufficient averment, and subsequently permits defendant to renew the motion and sustains it, evidence introduced in the interim, for the purpose of proving the offense charged, will not be considered on appeal.

2. **Indictment—Perjury—Form of—Statute—Sufficiency—Legislative Powers—Constitutional Law.**

The Legislature had the constitutional power to prescribe a form for indictment for perjury (Revisal, secs. 3246, 3247), and a bill drawn in accordance with its language contains sufficient averments of the offense. (*State v. Harris*, cited and approved).

3. **Same—Evidence—False Testimony—Material.**

While the statute (Revisal, 3246-3247) simplified the form of an indictment for perjury, permitting the charge to be made in a more general way, the averment in a bill that defendant committed perjury includes the necessity for proving that the false testimony was material to the issue.

4. **Indictment—Motion to Quash—Not Favored.**

The quashing of indictments is not favored by the courts, and a motion to quash should not be allowed, except in a clear case and with proper caution.

CRIMINAL ACTION, tried before *Ferguson, J.,* and a jury, at February Term, 1908, of the Superior Court of CATAWBA County.

This is an indictment for perjury, the bill being in the following words:

"The jurors for the State, upon their oath, present: That B. S. Cline, of Catawba County, did willfully, unlawfully and feloniously commit perjury upon the trial of an action in a justice ·of the peace's court, before J. H. McLelland, in Catawba County, wherein W. H. Marlow was plaintiff and B. S. Cline was defendant, by falsely and feloniously asserting, on oath, that he, the said B. S. Cline, offered to D. M.

Boyd, a member of the Board of County Commissioners of Catawba County, the sum of $20 to influence his official action as a member of said board in procuring for and awarding to the said B. S. Cline the contract with the said Board of County Commissioners as keeper of the Home for the Aged and Infirm of Catawba County for two years, and subsequently paid to the said D. M. Boyd, commissioner as aforesaid, $10 on the said offer, after having been awarded the said contract for one year by said board, and that the said D. M. Boyd accepted the same, knowing said statement or statements to be false, or being ignorant whether or not said statement was true."

During the trial of the case, and after the State had introduced some of its evidence, the Judge stated that "he had a serious doubt as to whether the statement in regard to B. S. Cline having offered and paid the prosecutor, D. M. Boyd, money in order to secure the appointment as keeper of the poor, even if corruptly false, would in law be perjury."    A juror was then withdrawn and a mistrial ordered, and the court allowed the defendant to renew his motion to quash the bill, which motion was sustained, and the State appealed.

*Assistant Attorney-General, W. C. Feimster* and *Witherspoon & Witherspoon* for the State.
*A. A. Whitener* and *W. A. Self* for defendant.

WALKER, J., after stating the case: In the present state of the case we are not permitted to pass upon the sufficiency of the evidence to establish the crime of perjury.    Our inquiry must necessarily be confined to the allegations of the bill.    It cannot be that an indictment is defective and should be quashed merely because the State has failed, if it has done so, to make out its case.    The evidence is not of that character which can be considered upon a motion to quash or a plea in abatement.    Sometimes, and not infrequently, extrinsic evi-

dence is heard for the purpose of passing upon the validity of an indictment upon a motion to quash, as, for example, where there has been some irregularity in drawing the grand jury, or where the indictment was returned as "a true bill," when, in fact, the grand jury had ordered it to be endorsed "not a true bill." *State v. Horton,* 63 N. C., 595. If the court had "tried out" the case, we might consider the question raised by the defendant as to the materiality of the evidence given by Cline before the magistrate, but, having ordered a mistrial, the question is not now before us. We must look to the bill, and, if that is sufficient in form to charge the crime of perjury, there was error in quashing it. The Legislature has not only declared what shall constitute a sufficient averment of perjury in an indictment, but has actually prescribed the form of the bill. Revisal, secs. 3246 and 3247. We have held, in *State v. Harris,* 145 N. C., 456, that it had the constitutional power to enact the law. The indictment in this case is drawn in accordance with the terms of the statute and the prescribed form, and also is, at least in substance, like the one approved by us in *State v. Harris, supra.* We do not mean to say that it is not necessary that the alleged false testimony be material, for the materiality of the false oath is considered to be one of the essential elements of the crime of perjury. 4 Blk., 137; *State v. Gates, infra.* But this bill avers that the defendant committed perjury, and this involves, necessarily, the charge that the false testimony was material to the issue in the suit before the justice, even though it is alleged in this very general way, as the statute permits that to be done. The following cases would seem to be directly in point: *State v. Gates,* 107 N. C., 832; *State v. Peters,* 107 N. C., 876; *State v. Flowers,* 109 N. C., 841; *State v. Thompson,* 113 N. C., 638. The statute has merely simplified the form of the indictment for perjury, and the constituent elements of the offense remain unchanged and require the same proof to establish the commission of the crime. *State v.*

*Peters, supra.* It may appear, when the evidence is before us, that the alleged false statement was not material to the inquiry, but we are not at liberty to decide that question now. The quashing of indictments is not favored. It releases recognizances and may set the defendant at large, when, it may be, he ought to be held to answer upon a better indictment; hence it is a general rule that no indictment which charges one of the higher offenses, as treason or felony, or one of those crimes which immediately affect the public at large, as perjury, forgery, and the like, should be thus summarily dealt with, except in a clear case and with proper caution. *State v. Colbert,* 75 N. C., 368.

The court erred in quashing the bill.

