## STATE v. B. S. CLINE.

(Filed 13 May, 1909.)

**1. Indictment, Form of—Substance—Allegations.**

While it is not now necessary, under our statute, to allege mere matters of form in a bill of indictment, the bill itself must sufficiently allege matters of substance, so that the court may see that an indictable offense is charged and the accused may be informed of the accusation.

**2. Indictment—Allegations—Material Matters—Motion to Quash.**

A bill of indictment for perjury, alleging that the defendant falsely and feloniously asserted on oath certain statements in a certain action, without any averment showing that such were in relation to a matter material to the issue therein, is defective, and a motion to quash should be granted.

**3. Indictment, Form of—Defect—Bill of Particulars.**

A defect of averment in an indictment cannot be cured by matters contained in a bill of particulars.

**4. Perjury—Matter at Issue—Burden of Proof.**

A charge which puts the burden on a defendant under indictment for perjury to show the truth of the matter at issue is error.

INDICTMENT for perjury, tried before *Murphy, J.,* and a jury, at November Term, 1908, of CATAWBA.

The defendant was called upon to plead to the following bill of indictment:

"That B. S. Cline, of Catawba County, did willfully, unlawfully and feloniously commit perjury upon the trial of an action

in a justice of the peace's court, before J. H. McLelland, in Catawba County, wherein W. H. Marlow was plaintiff and B. S. Cline was defendant, by falsely and feloniously asserting, on oath, that he, the said B. S. Cline, offered to D. M. Boyd, a member of the Board of County Commissioners of Catawba County, the sum of $25 to influence his official action as a member of said board in procuring for and awarding to the said B. S. Cline the contract with the said board of county commissioners as keeper of the Home for the Aged and Infirm of Catawba County for two years, and subsequently paid to the said D. M. Boyd, commissioner, as aforesaid, $10 on the said offer, after having been awarded said contract for one year by said board, and that the said D. M. Boyd accepted the same, knowing said statement or statements to be false, or being ignorant whether said statement was true."

Defendant moved in apt time that the solicitor furnish a bill of particulars; motion allowed; bill of particulars filed; whereupon defendant moved to quash the bill of indictment, on the ground that the same, with the bill of particulars, does not charge any crime in law. Motion denied. Defendant excepted and pleaded "not guilty."

After hearing the evidence, his Honor instructed the jury as follows:

"If you shall find from the evidence, beyond a reasonable doubt, that in the trial of *Marlow v. Cline* the defendant, Cline, made the statements set out in the bill of indictment, under oath, and that after an oath was lawfully administered to him, and that such statements were willfully, corruptly and falsely made, it will be your duty to return a verdict of guilty.

"If you shall find, beyond a reasonable doubt, that the statement or statements were not true, and if you shall further find, beyond a reasonable doubt, that other essential elements or ingredients of perjury, as I have defined it, appear in this evidence, then it will be your duty to return a verdict of guilty.

"But if the defendant has satisfied you, gentlemen, that the statements he made are true, and, further, that they are lacking any of the essential ingredients or elements of perjury, as I have defined it, then it will be your duty to return a verdict of not guilty."

Defendant excepted to the last paragraph. There was a verdict of guilty. Motion in arrest of judgment, for that the bill did not charge any indictable offense; motion denied. Judgment, and appeal.

*Attorney-General* for the State.

*W. A. Self, R. Z. Linney, A. B. Whitener* and *C. W. Bagby* for defendant.

CONNOR, J. Professor Greenleaf, with his usual accuracy, thus defines perjury at the common law: "The crime is committed when a lawful oath is administered in some judicial proceeding or due course of justice to a person who swears willfully, absolutely and falsely in a matter material to the issue or point in question." 3 Greenleaf Ev., 191, citing 3 Inst., 164; 4 Blackstone Com., 1371; Hawk P. C., 69; 2 Roscoe's Crim. Ev., 1045, 836. The indictment in this case conforms to the statute (Revisal, secs. 3246, 3247). The defendant, when called upon to plead, moved the court to quash the indictment because it failed to set forth facts showing that the alleged false testimony was material to the issue being tried in the case in which it was given. His Honor refused the motion. Defendant excepted. The statute relieves the State from alleging mere matters of form, as was theretofore required. It does not, however, do violence to the constitutional provision which requires that before a citizen is called upon to answer a criminal charge he must be informed of the accusation against him. Matters of substance must be alleged, to the end that the court may see that an indictable offense is charged.

It has always been uniformly held that to constitute perjury the false oath must be in regard to "some material fact tending to injure some person. If it be entirely immaterial it cannot affect any one." *State v. Walker,* 7 N. C., 226. It is equally well settled that "It must either appear on the face of the facts set forth in the indictment that the matter sworn to and upon which the perjury is assigned was material, or there must be an express averment to that effect." 2 Roscoe's Crim. Ev., 849. "The materiality of the false swearing to the issue or point of inquiry must appear from the indictment, either by general

averment or by the facts set forth." Note to *State v. Shupe,* 16 Iowa, 36; 85 Am. Dec., 485, 498, where the authorities are collected; 2 Wharton's Crim. Law, sec. 1304; 2 Bishop's Crim. Proc., sec. 921. "An indictment for perjury must show upon its face that the oath assigned as perjury was willful and false, and that the alleged false statement was material to the issue or it cannot be sustained." *Marvin v. State,* 53 Ark., 395; *State v. Chandler,* 42 Vt., 446. The bill of indictment in this record contains no averment that the testimony alleged to be false was material. We are therefore to ascertain whether the facts appearing upon the face of the indictment are, as matters of law, material to the issue which was being tried. It is well settled that "A party not only commits perjury by swearing falsely and corruptly as to the fact which is immediately in issue, but also by so doing as to material circumstances which have a legitimate tendency to prove or disprove such fact." 116 Mass., 14. So, in *State v. Strat,* 5 N. C., 124, it was held that if the question asked the defendant, when testifying as a witness, was for the purpose of impeaching him, a false answer was properly assigned as perjury. "A question having no general bearing on the matters in issue may be made material by its relation to the witnesses' credit, and false swearing thereon will be perjury." 2 Roscoe, 1062. As if one being examined as a witness be asked for the purpose of impeachment if he had been convicted of larceny, a false answer will undoubtedly be a good assignment of perjury. The principle is stated in *King v. Nicholl,* 1 Barn. and Adol., 21; 20 E. C. L., 336, wherein *Bayley, J.,* said: "An indictment must be good, without the help of argument or inference. In the case of perjury the indictment must show, either by a statement of the proceedings or by other averments, that the question to which the offense related was material." In the indictment before us it is charged that the alleged false testimony was given upon the trial of an action wherein W. H. Marlow was plaintiff and B. S. Cline was defendant. It is not suggested what the character of the action was or what the matter in issue—whether an account, the items of which were disputed; a note, the execution of which was denied, or a plea of payment interposed. We are left to conjecture in respect to

each and all of these matters. The charge is that he swore that he paid to D. M. Boyd, a member of the board of commissioners, $20 to influence his official action, etc. It does not appear what Boyd's official conduct was, in any respect, under examination, or that it had any relation whatever to the matter in issue or the parties to the action. There is not the slightest suggestion, either directly or by inference, how the matter set out in the indictment was material or could in the most remote degree affect the result. It is suggested that possibly the purpose of the question was to impeach the witness, to affect his credibility. If this be conceded, although it would be the merest conjecture, we are unable to perceive how charging himself falsely with having given a bribe could strengthen his credibility. To deny it might do so. As said by *Bayley, J.,* in *King v. Nicholl, supra,* "We know nothing of the merits of the case, except from the indictment. The inuendoes introduce greater doubt than certainty." To sustain this view we would be compelled to conjecture that the witness was asked whether he did not give Boyd the money as a bribe for the purpose of affecting his credibility, and that he falsely swore that he did so for the purpose of weakening his credibility, whereas in truth he did not do so. In swearing falsely that he gave Boyd a bribe he injured Boyd; but it is difficult to see how, by admitting the truth of the impeaching question, he injures his adversary in the civil action or interfered with the due course of justice. The fact is that the question was not asked the witness for the purpose of impeaching him. He demanded that the solicitor file a bill of particulars. From this it appears that defendant was asked, "What connection, if any, did you have with circulating a report against Sheriff D. M. Boyd, during the political campaign, in which it was charged that you had paid him $10 for securing for you a position as keeper of the county home?" "I had none whatever." He was then asked whether he signed a statement to that effect, to which he answered that he did not. "How, then, was such a report circulated, if you didn't circulate it?" He answered, "I don't know." He then, of his own motion, asked if the counsel wanted the whole truth about it, and proceeded to state the facts set out in the indictment. From

STATE *v.* CLINE.

this it appears that the purpose of the cross-examiner was to show that he had spread a false report about Boyd having taken from him a bribe. He denied that he had spread any report whatever, and there is nothing in the indictment charging that he had sworn falsely in that respect. If he had denied spreading the false report, when in truth he had done so, it was well calculated to weaken the credibility of his testimony in the case on trial; but nothing of this kind is suggested. While we have held, in *State v. Van Pelt,* 136 N. C., 633, that a bill of particulars cannot supply a defect in the indictment, and we adhere to that ruling, if we could look to the bill of particulars to supply the missing link we would fail to find it. The defendant may be guilty of uttering a slander against Boyd, but in no aspect of the case is he guilty of perjury, as defined at common law. We think that in refusing to quash the bill of indictment there was error.

While not necessary to the decision of this appeal, we think it proper to say that exception to the last paragraph of the instruction is well taken. While probably not so intended by his Honor, it was calculated to make the impression upon the jury that it was the duty of the defendant to satisfy them that the statements he made were true and had no other essential elements of perjury. It will be noted, upon that hypothesis alone, he instructed the jury that they could return a verdict of not guilty. In the trial of criminal cases it is always best to adhere closely to well-settled forms of expression. Save in a few exceptional cases, of which this is not one, the State carries the burden of proof to show beyond a reasonable doubt all the essential elements of the crime charged.

It must be certified that there is

Error.