STATE v. LEVY HYMAN.

(Filed 17 September, 1913.)

1. Constitutional Law—Trial by Jury—Appeal.

Where an appeal from a recorder's court is provided by statute, a jury trial is afforded the accused in the Superior Court, and hence he is not deprived of this, his constitutional right. Art. I, sec. 13.

2. Recorders' Courts — Jurisdiction—Misdemeanors—Definition—Interpretation of Statutes.

Where a statute confers original and exclusive jurisdiction on a recorder's court over petty misdemeanors, the question as to the extent of the jurisdiction conferred is resolved under Revisal, sec. 3291, which defines the line between felonies and misdemeanors to be that a felony is one punishable by death or imprisonment in the State's Prison, and that all other crimes are misdemeanors.

3. Interpretation of Statutes—Conflicting Terms—Perjury—Constitutional Law.

Revisal, 3615, calls perjury a misdemeanor, but makes it a felony by the punishment imposed thereon. Jurisdiction thereof cannot be given to a recorder's court, where the statute specifies that it shall have jurisdiction of misdemeanors; while the two sections of the Revisal should ordinarily be construed together, yet if one provision is unconstitutional and the other is not, the latter will be held as controlling. Const., Art. I, secs. 12 and 13.

4. Constitutional Law—Indictment—Grand Jury—Recorder's Court —Jurisdiction.

The offense of perjury is a felony, and where a conviction thereof is had in the Superior Court, upon appeal from a re-

corder's court, without indictment found by the grand jury, it is unconstitutional. Const., Art. I, sec. 12. *S. v. Cline*, 146 N. C., 640, and other like cases, cited and distinguished.

6. Statutes — Criminal Law—Jurisdiction—Misdemeanors—Legislative Powers—Courts—Jurisdiction.

The Legislature may prescribe different punishments for the same offenses, in different counties, and it may reduce the punishment for all offenses so as to make them misdemeanors; but when the punishment has fixed the grade of the offense, it may not be altered by the name given it in the statute.

WALKER and ALLEN, JJ., concur in result.

APPEAL by defendant from *Cline, J.*, at June Term, 1913, of EDGECOMBE.

*Attorney-General Bickett and Assistant Attorney-General Calvert for the State.*
*G. M. T. Fountain & Son for defendant.*

CLARK, C. J. The defendant was convicted of perjury in the recorder's court of Edgecombe. On appeal to the Superior Court, he was tried on the original warrant and again convicted. The defendant excepted on the ground that he could not be tried for this offense except upon a bill of indictment found by a grand jury. He relies upon the provision in the Constitution, Art. I, sec. 12: "No person shall be put to answer a criminal charge, except as hereinafter allowed, but by indictment, presentment, or impeachment." Section 13 of the same article which guarantees the right of trial by jury is complied with by a jury trial being given on appeal. *S. v. Lytle*, 138 N. C., at page 742. The requirement of an indictment, presentment, or impeachment is not dispensed with "except as hereinafter allowed" in section 13 in these words: "The Legislature may, however, provide other means of trial for petty misdemeanors, with the right of appeal."

The question presented, therefore, is whether perjury is a petty misdemeanor in Edgecombe County. Public-Local Laws 1911, ch. 472, provides that the recorder's court "shall have exclusive original jurisdiction of all other criminal offenses com-

mitted within the county below the grade of felony, and the same are hereby declared to be petty misdemeanors."

Revisal, 3291, defines the line between felonies and misdemeanors as follows: "A felony is a crime which is, or may be, punishable by death or imprisonment in the State's Prison. Any other crime is a misdemeanor." The State, however, relies upon Revisal, 3615, which styles perjury a misdemeanor, though it further provides that it may be punished "by a fine not exceeding $1,000 and imprisonment not more than ten years in the State's Prison." There is a palpable contradiction in the two sections, and while the Revisal must be construed together, yet if one provision leads to a conflict with the Constitution, and the other does not, we must take the latter.

At common law perjury and forgery were misdemeanors, it is true, but there was no imprisonment in the State's Prison prescribed. Revisal, 3615, is a statute which was enacted in 1791 and conformed to the common law, which at that time made perjury a misdemeanor, and the words "State's Prison" were written into this section in The Code of 1883, sec. 1092. The statute which is now Revisal, 3291, defining the line between felonies and misdemeanors, was enacted in 1891, just one hundred years later, and is the latest expression of the legislative will. The words in section 3615 making perjury a "misdemeanor," which was enacted in 1791, evidently retained that definition in Revisal, 3615, by inadvertence, notice not being taken of the fact that imprisonment in the State's Prison, which had been added to the punishment in 1883, made it a felony under Revisal, 3291.

In *S. v. Shaw,* 117 N. C., 765, the Court recognized that under Laws 1891 (now Revisal, 3291) any offense "punishable by death or imprisonment in the State's Prison" was a felony, and hence that the word "feloniously" should be used in the indictment for such crimes. In *S. v. Harris,* 149 N. C., 513, *Hoke, J.,* held that the word "feloniously" was not necessary in an indictment for perjury, not because perjury was not a felony, but because the Legislature had prescribed in Revisal, 3247, a form of indictment for perjury, in which that word was omitted,

and *Walker, J.,* held to the same purport, and on the same ground, in *S. v. Cline,* 146 N. C., 640.

In *S. v. Fesperman,* 108 N. C., 770, we held that the measure of punishment is the test of jurisdiction, and that the Legislature could not confer upon a justice of the peace exclusive jurisdiction of certain offenses unless it restricted the punishment for such offenses to the limit allowed a justice of the peace. That case has been repeatedly cited with approval. See citations to 108 N. C., 772, in Anno. Ed. For the same reason, while the Legislature can reduce any offense whatever to a misdemeanor, or even to a petty misdemeanor, it can only do so effectively by reducing the punishment to that allowed for such offenses. It cannot authorize punishment by imprisonment in the State's Prison for ten years and yet declare such offense to be a petty misdemeanor.

In *S. v. Holder,* 153 N. C., 606, chiefly relied upon by the State, it is held (at p. 610) that perjury was "still a felony," though the word "feloniously" was dispensed with by statute in any indictment for that offense. It was further held that as to the offense charged in that case (throwing stones at a train) the word "feloniously" was not essential. The ruling in substance was that when the statute has styled an offense a misdemeanor which is yet punishable by imprisonment in the State's Prison, the effect is to dispense with the word "feloniously" in the indictment; but it was not held in that case, nor has it been held in any other, that when the Legislature styles an offense a misdemeanor, but leaves it punishable by imprisonment in the State's Prison, that the constitutional requirement of an indictment by a grand jury is dispensed with. Dispensing with the word "feloniously" in nowise impinges upon any constitutional requirement.

The Legislature may prescribe different punishments for the same offense, in different counties, and it may reduce the punishment for all offenses, even those now punished capitally, to an extent that would make any offense a "petty misdemeanor." But calling an offense a petty misdemeanor does not make it so, when the punishment imposed makes it a felony. In *S. v. Lytle,*

S. *v.* HYMAN.

138 N. C., 738, the Court held: "The Constitution not having defined 'petty misdemeanors,' it was competent for the Legislature to define the offenses which should be so classified, *provided the punishment therein is not that of felonies."* We now reaffirm this. In that case (on page 743) the Court states that misdemeanors at common law were divided into two classes: "(1) Those which by reason of their heinous nature might be punished corporally, and (2) those which could not be so punished." It is then held that the latter can be termed petty misdemeanors, but that the former could not be so held unless the punishment was reduced by statute to what would be the punishment for petty misdemeanors. The Court said (p. 744): "The General Assembly can reduce the punishment of any and all offenses, and leave no offense above the grade of petty misdemeanors; but the punishment must not be that of felony, for the punishment controls the definition. *S. v. Fesperman,* 108 N. C., 770." That case has been cited and approved, *S. v. Jones,* 145 N. C., 460; *S. v. Shine,* 149 N. C., 480; *S. v. Dunlap,* 159 N. C., 491, and in several other cases. In the last named case the Legislature had made the larceny of goods "less than $20 in value" punishable "not to exceed imprisonment in the county jail, or on the public roads, not more than one year," and the Court held that a statute making such offense a petty misdemeanor and putting it within the jurisdiction of the recorder's court was constitutional, for the punishment was that of a petty misdemeanor.

We are therefore of opinion that the offense of perjury being punishable in the county of Edgecombe by imprisonment in the State's Prison, that it is not an offense "below the grade of felony," and that the statute, Public-Local Laws 1911, ch. 472, does not declare it to be a "petty misdemeanor." Hence the recorder's court had no jurisdiction thereof, and on appeal to the Superior Court the defendant could not be tried, unless a bill had been found by a grand jury.

Judgment arrested.

WALKER and ALLEN, JJ., concur in result.