## STATE v. ODELL SMITH.

(Filed 30 March, 1949.)

**1. Perjury § 1—**

　　Perjury as defined by common law and enlarged by G.S. 14-209, is a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question.

**2. Same—**

　　A false statement under oath must be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact, in order to be material to the issue and constitute a basis for a prosecution for perjury.

STATE *v.* SMITH.

**3. Perjury § 7—Evidence held insufficient to show false statement as to matter material to the issue and nonsuit should have been granted.**

In a prosecution for willful failure of defendant to support his illegitimate child, defendant swore he had not had sexual intercourse with prosecutrix and was not the father of her child, and testified as to the number of times he had visited prosecutrix. In this prosecution for perjury it was made to appear that defendant had visited prosecutrix or had been seen with her more times than he had admitted under oath, but there was no evidence that defendant was the father of the child. *Held:* The proof of false testimony did not relate to matters determinative of the issue in the prosecution for willful failure to support his illegitimate child, and the evidence is insufficient to withstand nonsuit in the prosecution for perjury.

APPEAL by defendant from *Pless, J.,* November Term, 1948, of CALDWELL. Reversed.

The defendant was indicted for perjury. The bill charged that in the trial in the County Recorder's Court of a criminal action against the defendant he falsely swore that he had not had sexual intercourse with one Virginia Hamby, had not taken her to ride except to her work on two occasions, had only visited her to buy whiskey, had not hugged or kissed her, had not driven her to another county to pick cherries. It was alleged the defendant well knew these statements to be false.

On the trial on the bill the State offered evidence tending to show that defendant had testified under oath in the Recorder's Court "when charged with being the father of Virginia Hamby's baby," that he had only taken her to ride twice to her work, that he had been to her house only a few times to get whiskey, had not hugged or kissed her, had not given her presents; that he had not had sexual intercourse with her, and was not the father of her child.

The State also offered evidence that defendant had taken her to ride a number of times, and was a frequent visitor at her home; that on one occasion at Christmas she was seen sitting on his lap; that she and defendant were seen on one occasion together at a picture show; that defendant had directed a dealer where to deliver some wood and coal which she paid for. There was no competent evidence he had given her any presents. True, there was some evidence as to a locket which a witness said Virginia Hamby (who was not a witness) had told her was paid for by defendant, but this was admitted over defendant's objection and was apparently hearsay. There was no evidence that defendant had driven her anywhere to pick cherries. There was some evidence that Virginia Hamby had given birth to a baby, but there was no evidence when, or that defendant was the father. Virginia Hamby did not testify. There was no evidence that defendant had had sexual relations with her, other than the circumstances above recited. The warrant, if any, under which he was tried in Recorder's Court does not appear in the record.

There was verdict of guilty, and from judgment imposing sentence of imprisonment in State's Prison, defendant appealed.

*Attorney-General McMullan and Assistant Attorney-General Bruton for State.*

*W. H. Strickland and Max C. Wilson for defendant, appellant.*

DEVIN, J. The defendant assigns error in the rulings of the court below in several particulars to which exceptions were noted, but the question chiefly debated here was whether the State's evidence was sufficient to carry the case to the jury on the charge of wilful and corrupt perjury. It was contended that the proof offered by the State, as shown by the record in this case, only tended to show the falsity of statements made by the defendant on the previous hearing as to matters which were not material to the issue then being tried, and hence was insufficient to support a conviction for perjury.

The evidence according to the summary hereinbefore stated discloses that the defendant was "charged with being the father of Virginia Hamby's baby." This does not indicate a criminal offense, but if the warrant under which he was tried in the Recorder's Court charged violation of G.S. 45-2, the issue there was whether the defendant was the father of the child, and if so whether he had wilfully failed to support his illegitimate offspring. On the trial for perjury there was no evidence that he was the father of the child. There was failure of proof that he had sworn falsely as to that determinative issue. Virginia Hamby, the mother, did not go upon the witness stand to disprove his statement that he was not the father of her child and had not had sexual relations with her. If in his testimony in the Recorder's Court the defendant minimized unduly the number of his rides or his visits, the mere number was not of prime importance. These were not matters so connected with the issue being tried as to disprove defendant's testimony. In the absence of evidence that he was the father of Virginia Hamby's child, and had wilfully failed to support such child, or of evidence of sexual intercourse with her at such time as to engender the inference of his paternity, other than circumstances of association with her only partly admitted, defendant's statements previously made, if not in accord in all respects with the testimony now offered, should not be regarded as affording sufficient basis for conviction of perjury as that crime is defined by the statute and interpreted by the courts.

Our statute G.S. 14-209 does not specifically define perjury or state all the elements essential to constitute the crime. It enlarges the scope of the criminality of a false oath, and prescribes punishment. The definition is derived from the common law. 4 Blackstone, 137; *S. v. Cline,*

150 N.C. 854, 64 S.E. 591. In accord with the common law definition and the statutes extending its application, it has been uniformly held that the elements essential to constitute perjury are substantially these: a false statement under oath, knowingly, wilfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question. 41 A.J. 4, 9; 48 C.J. 833; *S. v. Webb,* 228 N.C. 304, 45 S.E. 2d 345; *S. v. Hill,* 223 N.C. 711, 28 S.E. 2d 100; *S. v. Cline, supra; S. v. Cline,* 146 N.C. 640, 61 S.E. 522; *S. v. Harris,* 145 N.C. 456, 59 S.E. 115; *S. v. Peters,* 107 N.C. 876 (885), 12 S.E. 74; *S. v. Lawson,* 98 N.C. 759, 4 S.E. 134; *S. v. Brown,* 79 N.C. 642; *S. v. Dodd,* 7 N.C. 226; *State v. Dunn,* 203 Ind. 265; *People v. Teal,* 196 N.Y. 372; *Sloan v. State,* 71 Miss. 459; *Goins v. U. S.,* 99 F. 2d 147; *People v. Patterson,* 64 Cal. App. 223 (229); 2 Wharton Cr. Law, sec. 1542; 1 Burdick Cr. Law, 331; 2 Cyc. Cr. Law, 867. To constitute materiality essential to sustain a charge of perjury the false testimony must be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact. *S. v. Cline,* 150 N.C. 854, 64 S.E. 591; *Goins v. U. S., supra; People v. Patterson, supra.* Applying this rule to the case at bar, we do not think the evidence offered by the State showed such circumstances as tended to prove the falsity of the defendant's testimony on the question at issue, which was whether he had wilfully failed to support his illegitimate child as charged in the warrant. *S. v. Sinodis,* 205 N.C. 603, 172 S.E. 190.

For the reasons stated, the defendant was entitled to have his motion of judgment of nonsuit allowed, and accordingly the judgment is

Reversed.